U.S. COURT OF APPEALS
RECEIVED
Jun 05, 2024
FIFTH CIRCUIT

# *IN THE UNITED STATES COURT OF APPEALS*
# *FOR THE FIFTH CIRCUIT*

CONGHUA YAN, *Plaintiff–Appellant,*

v.

Mark H. Taylor, in his official and individual capacity; Richard B. Harwell, in his official and individual capacity; David F. Bennett, in his official and individual capacity, *Defendants–Appellees.*

On Appeal from the United States District Court for the

Northern District of Texas, Fort Worth Division

Civil Action No. 4:23-CV-00288-P, The Hon. Mark T Pittman, Presiding

# **BRIEF OF APPELLANT**

Respectfully submitted:

Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
Pro Se Litigant

# CERTIFICATE OF INTERESTED PERSONS

Appellant certifies that the following listed persons and entities as described in the fourth sentence of *Rule 28.2.1* have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1) **Plaintiff-Appellant:** Conghua Yan

2) **Defendants-Appellees:** Mark H. Taylor; Richard B. Harwell; David F. Bennett

3) **Counsel for Defendants-Appellees:** Melvin Keith Ogle

4) **Other Defendant in Underlying Case:** Tarrant County

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant Conghua Yan (aka "Yan") respectfully requests that his appeal be expedited. Therefore, Yan waives the right to an oral argument. The issues presented are mainly matters of law, of constitutional magnitude, with no dispute of facts.

# Table of Contents

CERTIFICATE OF INTERESTED PERSONS ..................................................................... 2

STATEMENT REGARDING ORAL ARGUMENT ........................................................ 3

JURISDICTIONAL STATEMENT ............................................................................... 7

ISSUE PRESENTED .................................................................................................. 8

STATEMENT OF THE CASE ..................................................................................... 9

STATEMENT OF THE FACTS ................................................................................. 11

SUMMARY OF THE ARGUMENT .......................................................................... 12

I.    The District Court erroneously applied the *Lujan v. Defenders of Wildlife* law, because Appellant had pleaded constitutional and economic injuries. ....................................... 13

II.    Federal courts and Texas counts have precedents supporting legal position of this challenge, therefore this countywide Policy violates Federal and Texas constitutions and laws ............................ 13

III.    The District Court erroneously recharacterized the pleading, to the detriment of the pro se litigant, departed from the principle of party presentation ..................................... 13

IV.    Plaintiff is entitled to amendment ............................................................... 13

ARGUMENT AND AUTHORITIES .......................................................................... 13

I.    Standard of Review .................................................................................... 13

II.    The Order erroneously concluded when applying *Lujan* precedent .................... 15

    A.    First Amendment violation is a concrete intangible injury-in-fact establishing Article III standing ........................................................................................ 15

    B.    A policy affected with a constitutional interest amounts to an Article III injury-in-fact ........... 17

    C.    In the similar *Barilla* case, this Court reversed and remanded the district court's decision to grant a motion to dismiss for lack of standing ........................................... 19

    D.    The right to petition is closely related to the right to a representative government, claiming no injury-in-fact then deprivation of the right to petition is equivalent to the deprivation of the right to vote then claiming no injury-in-fact. ........................................................ 21

III.    Appellant's legal position is supported by Federal and Texas precedents .................... 23

    A.    SCOTTX says that allowing alleged perjurer tried before a jury is his right ............................ 23

    B.    Federal Court says that filing of a legitimate criminal complaint is among the most precious of the liberties ............................................................................................ 25

    C.    SCOTUS says that the loss of right to petition constitute irreparable injury ............................. 26

IV.    There are economic injuries that Plaintiff pleaded meets the three elements ............................ 27

V.    What the judgement findings and conclusions is not what was pleaded ........................................ 29

    A.    Plaintiff did not sue for "Defendants for failing to investigate and prosecute injuries he".........29

    B.    Summarized de facto claims ..................................................................................... 32

    C.    Plaintiff did not plead that he has a standing for "public interest" ............................... 35

    D.    Plaintiff objects the recharacterization of "claims arising out of the decisions to stop investigating and/or not prosecute his allegations of criminality", but the Order ignored his arguments .......................................................................................................................... 37

    E.    The Order has departed from the principle of party presentation ................................. 38

  VI.    The Policy and/or Defendants' subsequent actions were motivated by a discriminatory purpose 39

  VII.    Opposing counsel waived some arguments in Motion to Dismiss................................ 40

  VIII.    Plaintiff is entitled to amendment, not a dismissal with prejudice................................ 41

CONCLUSION ....................................................................................................................... 44

CERTIFICATE OF SERVICE ................................................................................................ 45

CERTIFICATE OF COMPLIANCE....................................................................................... 46

## Cases

*Arce v. Douglas*, 793 F.3d 968, 977 (9th Cir. 2015).................................................................. 40

*Autor v. Blank*, 892 F. Supp. 2d 264, 271 (D.D.C. 2012) ........................................................ 16

*Barilla v. City of Houston*, Tex., No. 20-20535, (5th Cir. Sep. 10, 2021)................................. 19

*Beard v. Stephens*, 372 F.2d 685, 689 (5th Cir. 1967) ............................................................. 31

*Black v. North Panola School Dist*, 461 F.3d 584, 593 (5th Cir. 2006)..................................... 14

*Book People, Inc. v. Wong*, No. 23-50668 (5th Cir. Jan. 17, 2024).......................................... 17

Book People, Inc. v. Wong, No. 23-50668, 11 (5th Cir. Jan. 17, 2024) ..................................... 18

*Davis v. Ashley Furniture Industries, Inc.*, CIVIL ACTION NO. 3:08-CV-77-SA-SAA, 2-3 (N.D. Miss. Mar. 9, 2009) ...................................................................................................................... 14

*Doe v. McKesson*, 935 F.3d 253, 259 (5th Cir. 2019)................................................................ 14

Elrod v. Burns, 427 U.S. 347, 373 (1976) .................................................................................. 26

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ............................................................................. 31

*Forsyth County v. Nationalist Movement*, 505 U.S. 123, 129-30 (1992) .................................. 37

*Free Speech Coal. v. Paxton*, No. 23-50627, 38 (5th Cir. Mar. 7, 2024) ................................. 26

*Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2 (N.D. Tex. Sep. 5, 2012)...................... 41

*Greenlaw v. United States*, 554 U.S. 237, 243 (2008)............................................................... 38

*Handy v. Lane Cnty.*, Case No. 6:12-cv-01548-AA, 7 (D. Or. Jan. 2, 2017)............................. 16

*Hill v. Astrue*, CIVIL ACTION NO. 2:08-CV-43-P-A, 2-3 (N.D. Miss. Oct. 23, 2008) ...................... 42

*In re Reece*, 341 S.W.3d 360, 369 n.12 (Tex. 2011)................................................................. 23

*KIDD v. HOWARD UNIVERSITY SCHOOL OF LAW*, Case No. 06-CV-1853 (RBW), 2-4 (D.D.C. Jun. 25, 2007) 43

*Knight First Amendment Inst. At Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 578 n.24 (S.D.N.Y. 2018) 15

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ...................................................................... 15

*Mayeaux v. Louisiana Hlt. Service*, 376 F.3d 420, 425 (5th Cir. 2004) .......................................................... 43
*Polyweave Packaging, Inc. v. Buttigieg*, Civil Action 4:21-CV-00054-JHM, 5-6 (W.D. Ky. Sep. 1, 2021) ...... 17
Rodriguez v. City of New York, 861 F. Supp. 1173 (S.D.N.Y. 1994) ................................................................ 15
Schueuer v. Rhodes, 416 U.S. 232 (1974) ..................................................................................................... 15
*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) .................................................................................... 16
*Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016) ........................................................................................ 43
*Stem v. Gomez*, 813 F.3d 205, 216 (5th Cir. 2016) ........................................................................................ 44
*Texas Cable v. Hudson*, 265 F. App'x 210, 217-18 (5th Cir. 2008) ................................................................ 22
*Thomas v. Collins*, 323 U.S. 516, 530 (1945) ............................................................................................... 16
United States v. Brune, 767 F.3d 1009, 1018 n.5 (10th Cir. 2014)................................................................ 36
*United States v. Hylton*, 558 F. Supp. 872, 874 (S.D. Tex. 1982) ................................................................. 26
*United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) .................................................................. 39
*Warsoldier v. Woodford*, 418 F.3d 989 (9th Cir. 2005) ................................................................................ 26
*Williams v. Certain Underwriters*, 398 F. App'x 44, 46 (5th Cir. 2010)........................................................ 13

## Statutes

*18 U.S.C. § 3771* ................................................................................................................................... 7, 8
*28 U.S.C. § 1291* ...................................................................................................................................... 7
*28 U.S.C. § 1331* ...................................................................................................................................... 7
*28 U.S.C. § 1343* ...................................................................................................................................... 7
*42 U.S.C. § 1983* ................................................................................................................................... 7, 8
TEX. CODE CRIM. PROC. arts. 1.05, 1.12.................................................................................................. 24
Tex. Const. art. I, § 13............................................................................................................................ 24
Tex. Gov't Code § 74.041(2) .................................................................................................................. 12
Tex. Gov't Code § 74.042 (a) ................................................................................................................. 12
Tex. Gov't Code § 74.042 (i) .................................................................................................................. 12

## Rules

Rule 12(b)(1)......................................................................................................................................... 13
*Rule 28.2.1* .............................................................................................................................................. 2

# JURISDICTIONAL STATEMENT

The district court had original jurisdiction over the federal question "concerns regarding" the "constitutionality" of the policy of "government entities"[1] under *28 U.S.C. § 1331* and claims brought under *42 U.S.C. § 1983* and *18 U.S.C. § 3771* pursuant to *28 U.S.C. § 1343*.

This Court has jurisdiction over the district court's final judgment under *28 U.S.C. § 1291*.

A notice of appeal[2] was timely filed on April 2, 2024.

---

[1] ROA.24-10288.244
[2] ROA.24-10288.267

# ISSUE PRESENTED

The district court granted Motion to Dismiss under 12(b)(1) for lack of standing due to a conclusion of "no injury-in-fact"

This appeal raises several questions of law regarding the federal constitutions.

A.  Does Appellant have standing to bring a federal suit challenging a countywide Policy that bans the Appellant and local residents from filing a criminal complaint?

B.  Did the district court erroneously deny preliminary injunction relief?

C.  Does this Policy facially and constitutionally violate "Article One, and the First, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, as well as *42 U.S.C. § 1983* and *18 U.S.C. § 3771*"[3]?

D.  Does this Policy facially and constitutionally violate "Tex. Const. art. I, § 13"[4]?

E.  Does this Policy, as-applied, constitutionally violate "the Fourteenth Amendment, *42 USC § 1983*, *18 U.S.C. § 3771*, and Article One of the Texas Constitution"[5].

F.  Does Plaintiff entitle to leave to amend?

---

[3] ROA.24-10288.71
[4] ROA.24-10288.71
[5] ROA.24-10288.72

G. Do Defendants have qualified immunity?

## STATEMENT OF THE CASE

First time pro se litigant, Mr. Yan ("Plaintiff", "Appellant", "Yan"), brings a facial constitutional challenge to the **policy** of "requirement set forth by TCDA (*Tarrant County Criminal District Attorney*)'s office" at issue, pursuant to violations of Article One, First, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution, *42 U.S.C. § 1983*, and *18 U.S.C. § 3771*. This policy("Policy") states that Tarrant County Criminal District Attorney's Office would "*only* accept or open an investigation into [victim's] claim of perjury *only* at the request of the *presiding judge*." Plaintiff brought claims first to eighth, and twelfth against executive branches.

Additionally, Mr. Yan brings an as-applied constitutional challenge to **Defendants' actions** at issue, pursuant to violations of the Fourteenth Amendment, *42 USC § 1983*, and *18 U.S.C. § 3771*. Plaintiff brought claims ninth to eleventh against Defendants.

In 2022, Mr. Yan filed a criminal complaint, alleging Southlake attorney Leslie Barrows for committing aggravated perjury in the state family court. Tarrant County Sheriff officers under the instructions from Tarrant County criminal DA's

office, refused to open a case or investigate. Meanwhile, Sheriff office contacted the alleged criminal Leslie Barrows, tipped off her about Plaintiff's whereabouts, actions, and communications with the Sheriff's Department. When Plaintiff insisted that he had a solid case, a sheriff officer yelled at him, saying, "we do not have any business to do with you." Since then, the Sheriff Office and DA Office never responded to Plaintiff's new criminal complaint.

Mr. Yan is an IT professional in the financial industry, holding a high-level financial security clearance. He has no criminal history and hasn't received even a parking ticket in the past 10 years. Despite this, it appears that Mr. Yan, a law-abiding citizen, has been blacklisted by government entities, simply because he filed a criminal complaint against a well-connected attorney.

After learning that the Tarrant County Criminal DA's office has a Policy stating they will not *open* to investigate criminal cases involving perjury upon the family court unless requested *only* by a *presiding judge*, Mr. Yan filed this federal suit to challenge this Policy in Mar 2023. Meanwhile, Mr. Yan possesses an official letter[6] from the Tarrant County Sheriff's Office that proves the existence of this established Policy.

---

[6] ROA.24.10288.123

On June 8, 2023, Mr. Yan filed his latest/First amended complaint (first amended/ECF No. 23). The Tarrant County criminal DA's office filed a Motion to Dismiss (ECF No. 51) accordingly. Mr. Yan responded (ECF No. 54). On November 9, 2023, the magistrate judge rendered findings, conclusions, and recommendations (ECF No. 68), and granted the Motion to Dismiss. Mr. Yan objected (ECF No. 69) and asked leave to file amendment as well. On March 19, 2024, the district judge issued the final order and judgment (ECF No. 70-71), and granted the Motion to Dismiss under 12(b)(1) for lack of standing due to no "injury in fact."

On November 2, 2023, Mr. Yan had filed a Motion for Preliminary Injunction (ECF No. 65-66), tried to restrain this Policy in pre-trial stage. On the very next day, his motion was denied (ECF No. 67).

A notice of appeal[7] was timely filed on April 2, 2024.

## STATEMENT OF THE FACTS

There was a Tarrant County Criminal DA office's policy stating the "requirement set forth by TCDA's office," that "only *accept* or *open* an investigation into your claim of perjury *only* at the request of the presiding judge."

---

[7] ROA.24-10288.267

Pursuant to Tex. Gov't Code § 74.041(2), "presiding judge" means the presiding judge of *an administrative region*.[8] Opposing counsel from the Tarrant County Criminal DA office never disputed the truthiness of this alleged letter[9].

The plain language shows that the entire Tarrant County's criminal complaints of perjury are only at the hands of 6-10 presiding judges. Since Plaintiff only cited Texas Penal Code 37.02 and 37.03 in his criminal complaint, it is uncertain how many other penal codes are under the control of these presiding judges, per this policy.

## SUMMARY OF THE ARGUMENT

This appeal concerns the district court's final judgement and the underlying legal questions. This appeal also concerns the district court denying preliminary injunctive relief.

---

[8] Tex. Gov't Code § 74.042 (a) The state is divided into 11 administrative judicial regions. Tex. Gov't Code § 74.042 (i) The Eighth Administrative Judicial Region is composed of the counties of Archer, [...] Tarrant, [...] and Young.
[9] ROA.24-10288.123

I. The District Court erroneously applied the *Lujan v. Defenders of Wildlife* law, because Appellant had pleaded constitutional and economic injuries.

II. Federal courts and Texas counts have precedents supporting legal position of this challenge, therefore this countywide Policy violates Federal and Texas constitutions and laws

III. The District Court erroneously recharacterized the pleading, to the detriment of the pro se litigant, departed from the principle of party presentation

IV. Plaintiff is entitled to amendment

## ARGUMENT AND AUTHORITIES

I. Standard of Review

This Court "reviews de novo a district court's Rule 12(b)(1) dismissal for lack of standing. […] A motion to dismiss under Rule 12(b)(1) "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." […] This Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 410, 501, […] (1975)."[10]

---

[10] *Williams v. Certain Underwriters*, 398 F. App'x 44, 46 (5th Cir. 2010)

"When considering a motion to dismiss for lack of subject matter jurisdiction, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[…]"[11] ""We take all factual allegations as true and construe the facts in the light most favorable to the plaintiff.""[12]

"Generally, "[t]his Court will not consider an issue that a party fails to raise in the district court absent extraordinary circumstances." […] Extraordinary circumstances exist when the issue involved is purely a legal one and failure to address it would result in a manifest miscarriage of justice."[13]

In the present case, the issue of whether the challenged Policy violates the "petition" clause under the First Amendment and clauses under other Federal and Texas constitutions is a pure question of law of constitutional magnitude. If a lower court's arbitrary and capricious decision leads to a judgment that this ongoing Tarrant countywide Policy cannot be challenged due to an erroneous conclusion of lack of standing, it will result in a miscarriage of justice to Appellant and local

---

[11] *Davis v. Ashley Furniture Industries, Inc.,* CIVIL ACTION NO. 3:08-CV-77-SA-SAA, 2-3 (N.D. Miss. Mar. 9, 2009)

[12] *Doe v. McKesson*, 935 F.3d 253, 259 (5th Cir. 2019)

[13] *Black v. North Panola School Dist*, 461 F.3d 584, 593 (5th Cir. 2006)

countywide residents. Therefore, Appellant should be allowed to plead newly raised, purely legal issues to a certain degree.

The federal courts within the other Circuits also have held that,

> "See *Schueuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (claim **should not be dismissed** without leave to amend **unless** it is **clear** that there is **no** basis for relief)."[14]

## II. The Order erroneously concluded when applying *Lujan* precedent

The Order erroneously applied the *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992), erroneously concluded that Yan failed to meet three elements of standing.

### A. First Amendment violation is a concrete intangible injury-in-fact establishing Article III standing

"The First Amendment right to *speech* and *petition* "are *inseparable*," and generally "there is no sound basis for granting greater constitutional protection" to one over the other. "[15](emphasis added)

"It was not by accident or coincidence that the rights to freedom in *speech* and *press* were coupled in *a single guaranty* with the rights of the people peaceably to *assemble* and to *petition* for redress of grievances. All these, though not identical,

---

[14] *Rodriguez v. City of New York*, 861 F. Supp. 1173, 1186 (S.D.N.Y. 1994)

[15] *Knight First Amendment Inst. At Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 578 n.24 (S.D.N.Y. 2018).

are *inseparable*. They are cognate rights, . . . and therefore are *united* in the First Article's *assurance*."[16] (emphasis added)

"The Supreme Court has long recognized that *injury in fact exists* when a plaintiff alleges that the government has directly impacted the exercise of his First Amendment rights or where he has shown a threat of specific future harm."[17] (emphasis added)

Federal court recognized that:

> "("At its core, the right of *petition* protects a personal right to *bring complaints about public policy* directly to officers of the government, up to and *including the king himself*."). […] Although substantive rights under the petition clause have rarely been litigated, "the right to *petition* is *cut from the same cloth*" as other First Amendment rights."[18] (emphasis added)

*Spokeo* is a post-*Lujan* precedent, added more clarification on *Lujan* regarding intangible injuries, held that:

> "[a] "concrete" injury must be "de facto" […]"Concrete" is not, however, necessarily synonymous with "tangible." Although tangible injuries are perhaps easier to recognize, we have confirmed in many of our previous cases that *intangible injuries* can nevertheless be *concrete*. […] *Pleasant Grove City v. Summum*, […] (*free speech*); *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, […] (*free exercise*). […] Thus, we said in *Lujan* that Congress may "elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law.""[19] (emphasis added)

---

[16] *Thomas v. Collins*, 323 U.S. 516, 530 (1945)
[17] *Autor v. Blank*, 892 F. Supp. 2d 264, 271 (D.D.C. 2012)
[18] *Handy v. Lane Cnty.*, Case No. 6:12-cv-01548-AA, 7 (D. Or. Jan. 2, 2017)
[19] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)

After *Spokeo*, Federal court has also held that:

> "Deprivation of a right, untethered from any tangible injury, rarely constitutes an injury-in-fact establishing Article III standing […] *One exception* to this rule is *constitutional injuries*: the *deprivation of a constitutional right*, *standing alone*, can *establish* an Article *III injury-in-fact*. See *Spokeo*, […], which *recognized Article III standing based on a First Amendment free speech violation*, for the principle that "intangible injuries can nevertheless be concrete")."[20](emphasis added)

B. A policy affected with a constitutional interest amounts to an Article III injury-in-fact

However, "the three familiar elements of standing" has been well discussed in the recent case *Book People, Inc. v. Wong*, No. 23-50668 (5th Cir. Jan. 17, 2024). This case is very similar to Appellant's case. A policy banning the freedom of speech versus a Policy banning the right to petition, both under the First Amendment.

In that case, the Fifth Circuit says, "[i]n a pre-enforcement challenge, Plaintiffs can establish an injury in fact if they show that "(1) [they] ha[ve] an intention to engage in a course of conduct arguably affected with a constitutional interest, (2) [their] intended future conduct is arguably proscribed by the policy in

---

[20] *Polyweave Packaging, Inc. v. Buttigieg*, Civil Action 4:21-CV-00054-JHM, 5-6 (W.D. Ky. Sep. 1, 2021)

question, and (3) the threat of future enforcement of the challenged policies is substantial.""[21]

*First*, Plaintiff has alleged his intention to engage in a course of conduct arguably affected with a constitutional interest. Plaintiff has alleged that he had filed a criminal complaint and that he intended to continue doing so. Filing criminal complaint is arguably affected with a First Amendment interest. And for standing purposes, Plaintiff must only prove that the conduct he intends to engage in is "arguably affected" with a constitutional interest. He has done so.

*Second*, by its plain language, this requirement set forth by the Tarrant County Criminal DA's office forbids Plaintiff or local residents from filing criminal complaint (only requested by the *presiding judge*). Thus, this Policy arguably "facially restrict[s]" Plaintiff's intended future conduct. Plaintiff alleged that he is "on a "no service" list."[22]

Third, Plaintiff faced not only the substantial threat of future enforcement of the challenged policies. The Policy is enforced in place. The Policy was set forth. And Tarrant County Sheriff Office told him that "'[a]t this point, we don't have any further business with you at this office."[23]

---

[21] *Book People, Inc. v. Wong*, No. 23-50668, 11 (5th Cir. Jan. 17, 2024)
[22] ROA.24-10288.79:¶20
[23] ROA.24-10288.79:¶19

Plaintiff has met all three elements here. Plaintiff has sufficiently established a constitutional injury in fact under Federal Court's pre-enforcement standing precedent, as same as the Plaintiffs in case *Book People, Inc id.* 11-14.

C. In the similar *Barilla* case, this Court reversed and remanded the district court's decision to grant a motion to dismiss for lack of standing

"[Plaintiff-Appellant Anthony Barilla] sued the City of Houston to challenge three City [policies] which restrict […]ing in Houston. Barilla alleges that the [policies] violate his First Amendment right to free expression. The district court granted the City's motion to dismiss for lack of standing. [Fifth Circuit] reverse and remand."[24]

"The district court dismissed Barilla's lawsuit for lacking an injury in fact […] According to the district court, Barilla's asserted harms did not meet the bar for a […]injury […] On appeal, Barilla argues that the district court adopted an erroneously restrictive pleading standard for his First Amendment claim. [Fifth Circuit] agree."[25]

Fifth Circuit said, "[i]n pre-enforcement cases alleging a violation of the First Amendment's Free Speech Clause, the Supreme Court has recognized that chilled

---

[24] *Barilla v. City of Houston*, Tex., No. 20-20535, (5th Cir. Sep. 10, 2021)
[25] *Barilla v. City of Houston, Tex.*, No. 20-20535, 4 (5th Cir. Sep. 10, 2021)

speech or self-censorship is an injury sufficient to confer standing. […] A plaintiff bringing such a challenge need not have experienced "an actual […] or other enforcement action" to establish standing. […] Instead, such a plaintiff may demonstrate an injury in fact by showing that he "(1) has an 'intention to engage in a course of conduct arguably affected with a constitutional interest,' (2) his intended future conduct is 'arguably . . . proscribed by [the policy in question],' and (3) 'the threat of future enforcement of the [challenged policies] is substantial.'"[26]

At the end, Fifth Circuit concluded, "While generally disfavored, *facial challenges* are allowed in the *First Amendment context*."[27](emphasis added)

It is evident that in the first sentence of pleading, Plaintiff has pleaded, "first amended complaint for a *facial constitutional challenge* […] to the "requirement set forth by TCDA's office" at issue, pursuant to violations of Article One, *First*, […]to the U.S. Constitution."[28](emphasis added)

[26] *Barilla v. City of Houston, Tex.*, No. 20-20535, 5 (5th Cir. Sep. 10, 2021)
[27] *Barilla v. City of Houston, Tex.*, No. 20-20535, 9 n.4 (5th Cir. Sep. 10, 2021)
[28] ROA.24-10288.71

D. The right to petition is closely related to the right to a representative government, claiming no injury-in-fact then deprivation of the right to petition is equivalent to the deprivation of the right to vote then claiming no injury-in-fact

"Courts and commentators have recognized that":

> "[T]he First Amendment right to petition is closely related to the right to a representative government. See *United States v. Hylton*, […] (5th Cir. 1983) (stating that the petition right is "[i]mplicit in the concept of representative government" as well as "express in the provisions of the first amendment"). The right to a representative government, in turn, is linked to rights under the Fourteenth Amendment's equal protection clause. […] (noting that equal protection case law […] *bars* the government from "*selectively disenfranchizing its citizens*").["29"](emphasis added)

Plaintiff has pleaded a sixth claim that this Policy violated equal protection. This Policy bans Plaintiff and other local residents from filing a criminal complaint regarding perjury in family court. It selectively disenfranchises its citizens by allowing someone who gets punched in the face or stabbed in the back to file a criminal complaint with law enforcement, while others who encounter perjury in the family court must get permission from a judge. There should never be a policy that selectively disenfranchises its citizens and affects their right to petition. This is similar to a policy that allows someone to vote for the president while others can

---

[29] *Handy v. Lane Cnty.*, Case No. 6:12-cv-01548-AA, 7-8 (D. Or. Jan. 2, 2017)

vote for the governor only at the request of [someone else]. In the eyes of district court judges, there is no "injury-in-fact" when this type of policy is in place.

If this Tarrant County policy can be implemented to selectively deprive local citizens of their right to petition, and subsequently the district court ruled that there was no injury-in-fact to the people affected, then probably voting right can similarly be selectively deprived under a policy using the same legal theory.

"[A] constitutional injury also provides standing. […] Discriminatory treatment at the hands of the government is an injury "long recognized as judicially cognizable."[…] And such injury is recognizable for standing irrespective of whether the plaintiff will sustain an actual or more palpable injury as a result of the unequal treatment under law or regulation. "[30]

Plaintiff stated[31] there was a Criminal Justice System Flowchart cin place, and he received discriminatory treatment at the hands of the Tarrant County DA Office. Plaintiff also has alleged that "Plaintiff felt harassed and intimidated by defendant's action of not upholding the criminal justice legal process as demonstrated in Exhibit 5"[32], therefore, he has suffered recognizable injury.

---

[30] *Texas Cable v. Hudson*, 265 F. App'x 210, 217-18 (5th Cir. 2008)
[31] ROA.24-10288.88:¶79
[32] ROA.24-10288.97:¶121

III.   <u>Appellant's legal position is supported by Federal and Texas precedents</u>

A. SCOTTX says that allowing alleged perjurer tried before a jury is his right

Supreme Court of Texas stated that we should bring the alleged perjurer before a jury, not a judge, but the Policy mandated otherwise.

Supreme Court of Texas has explained that why "the *procedural distinctions* between the two [criminal *contempt* and criminal prosecution for *perjury*] are important."[33] (emphasis added)

Supreme Court of Texas further stated, the alleged perjurer has his right to be tried before a jury, not before a judge,

> "a person charged with criminal contempt is not entitled to a trial by jury. […] On the other hand, under the criminal procedures of this state, a person charged with a crime is *entitled to have the person's case tried by a jury*. TEX. CODE CRIM. PROC. arts. 1.05, 1.12. When a trial court possesses the ability to hold a person in contempt and confine him for perjury, the *alleged perjurer* lacks any possibility of having his case *tried before a jury*, as *would be his right* in a criminal prosecution. […] *allowing* contempt for *perjury* "permit[s] too great *inroads* on the *procedural safeguards of the Bill of Rights*, since contempts are summary in their nature, and *leave determination of guilt to a judge rather than a jury*""[34](emphasis added)

The alleged perjurer, attorney Leslie Barrows was not even the opposing counsel of Plaintiff's state family court case anymore when Plaintiff attempted to file criminal complaint. Leslie Barrows was neither counsel nor one of the parties in that case. Plaintiff's state family court has no personal jurisdiction over Leslie

---

[33] *In re Reece*, 341 S.W.3d 360, 369 n.12 (Tex. 2011)
[34] *In re Reece*, 341 S.W.3d 360, 369 n.12 (Tex. 2011)

Barrows. But Tarrant County DA Office and Sheriff Office has established a no

legal sense countywide Policy, absolutely contradictory to the Supreme Court of

Texas precedent (also is, Texas common law), Texas constitutional Bill of Rights

and TEX. CODE CRIM. PROC. arts. 1.05, 1.12.

Appellant has obtained bodycam footage proving that the sheriffs told

Appellant to *hire a lawyer, file a motion with the court, have a hearing, and obtain*

*an order from the presiding judge*.[35] In the fact, what Appellant alleged in the

criminal complaint is aggravated perjury, a third-degree felony. Appellant lacks of

standing to file a civil cause of action to criminal action of aggravated perjury. The

DA office should have known that crime under aggravated perjury does not have a

civil cause of action. This DA office set forth this Policy as a victim's barrier

severs no purpose other than concealing family law attorney's aggravated perjury

in the family court. The criminal remedy is the only remedy for the injured victim

of perjury. When Appellant's direct efforts seeking a criminal remedy is banned

under this Policy, the remedy guarantee clause under the Tex. Const. art. I, § 13,

which states, "every person for an injury done him, in his lands, goods, person, or

reputation, shall have remedy by due course of law," is deprived. The only due

---

[35] ROA.24-10288.78:¶17

course of law for a criminal complaint is to follow the Criminal Justice System Flowchart(Exhibit 5).

Appellant correctly alleged that this Policy violated the clause "unless … a grand jury" of Fifth Amendment, the clause "witness against himself" of Fifth Amendment and the clause "to have the assistance of counsel for his defense." of Sixth Amendment in the First, Second and Third claim of pleading.

The Order erroneously dismissed these claims with prejudice for lack of standing. When this countywide unconstitutional Policy remains unchallenged, it is indeed a miscarriage of justice.

B. Federal Court says that filing of a legitimate criminal complaint is among the most precious of the liberties

The federal court within Fifth Circuit has held that,

> The first amendment right to petition for redress of grievances is "among the *most precious* of the liberties safeguarded by the Bill of Rights." […] Inseparable from the guaranteed rights entrenched in the first amendment, the right to petition for redress of grievances occupies a "preferred place" in our system of representative government, and enjoys a "sanctity and a sanction not permitting dubious intrusions." […] Indeed, "[i]t was not by accident or coincidence that that rights to freedom in speech and press were coupled in a single guarantee with the rights of the people peaceably to assemble and to petition for redress of grievances." […] Moreover, the Supreme Court has held expressly that the first amendment right to petition protects the individuals right to file an action with a "reasonable basis" in a state tribunal. […] There can be *no doubt* that the f*iling of a legitimate criminal complaint* with local law

enforcement officials constitutes an *exercise of the first amendment right*[36](emphasis added)

C. SCOTUS says that the loss of right to petition constitute irreparable injury

SCOTUS held that,

> "It is clear therefore that First Amendment interests were either threatened or in fact being impaired at the time relief was sought. The *loss of First Amendment freedoms*, for even minimal periods of time, unquestionably constitutes *irreparable injury*."[37](emphasis added)

Plaintiff has filed motion for a preliminary injunction. However, the interlocutory order[38] which denied the Motion for a Preliminary Injunction erroneously concluded that "irreparable injury, [...] shouldn't be read as "big injury.""

Plaintiff correctly cited *Elrod v. Burns* and *Warsoldier v. Woodford*[39] case.[40]

In a recent similar case, this Court has acknowledged that "[p]laintiffs respond by pointing out that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitute irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) [...] Plaintiffs' position is compelling."[41] (emphasis added)

---

[36] *United States v. Hylton*, 558 F. Supp. 872, 874 (S.D. Tex. 1982)
[37] *Elrod v. Burns*, 427 U.S. 347, 373 (1976)
[38] ROA.24-10288.244-245
[39] *Warsoldier v. Woodford*, 418 F.3d 989 (9th Cir. 2005)
[40] ROA.24-10288.241:¶64-¶65
[41] *Free Speech Coal. v. Paxton*, No. 23-50627, 38 (5th Cir. Mar. 7, 2024)

It appears that the same position never had compelling effect in the district court when a pro se litigant respond by pointing out the exact same quotation[42].

Even after the *Elrod v. Burns* being pointed out, the interlocutory order still erroneously concluded that "[p]laintiff's Motion and support briefing fail to identify how or why money damages or other relief at trial would fail to fully compensate for Plaintiff's injuries."

This Court should uphold stare decisis, showing no discrimination against a pro se litigant and reverse this interlocutory order.

IV.  <u>There are economic injuries that Plaintiff pleaded meets the three elements</u>

In the beginning of all of his claims, Plaintiff asserted following statements: "Plaintiff herein incorporates by reference paragraphs ¶13-¶27 as if set forth fully herein."[43] Therefore, amongst paragraphs ¶21-¶27[44], Yan has indeed pleaded his economic injuries for each claim. However, the Order never referred any of Yan's pleaded injury for analysis.

> The Plaintiff has incurred financial costs and expenses to file this federal suit challenging the facially unconstitutional custom, "the requirement set forth by the TCDA's office." These costs and expenses include, but are not limited to, filing fees, postage fees, processing fees, and summons fees, in an amount of no less than $1000.
> Since January 2023, the Plaintiff has expended money, time, and effort studying federal civil procedure and learning to represent himself (pro se) in filing this federal suit

---

[42] ROA.24-10288.241:¶64
[43] ROA.24-10288.80
[44] ROA.24-10288.79-80

*to challenge the facially unconstitutional custom, 'requirement set forth by the TCDA's office.' This monetary and non-monetary expenditure could have been used for other beneficial life activities. This damage is in an amount of no less than $50,000.*

*The unlawful acts by the defendant and co-defendants have caused the Plaintiff many sleepless nights and significant emotional distress. The Plaintiff also experienced Endocrine and Metabolic Disorders due to emotional distress.*

*The Plaintiff is also experiencing emotional distress and pressure due to the fact that, as a non-English speaker without a legal degree, himself has had to overcome significant barriers in order to bring this challenge to the unconstitutional custom of "the requirement set forth by the TCDA's office" before this Federal court on behalf of the people of Texas. The Plaintiff is the only individual with standing and evidence of this longstanding and widespread policy. The mental pressure also caused the Plaintiff many sleepless nights and significant emotional distress with its aftereffects Endocrine and Metabolic Disorders.*[45]

*The Plaintiff is also experiencing fear of retaliation due to the 'tipping off' action taken by one of the co-defendants. The fear also caused the Plaintiff many sleepless nights and significant emotional distress with its aftereffects Endocrine and Metabolic Disorders.*[46]

The final ORDER[47] ("Order") says, "First, […] a plaintiff must have an "injury in fact," […] Second, […] There must be a "causal connection between the injury and the conduct complained of." Third, "[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" And Yan has "the burden of establishing these elements."

Just from the last paragraph of the above citations alone, this Court can easily tell that Plaintiff has pleaded: "injury in fact" (many sleepless nights and significant emotional distress with its aftereffects Endocrine and Metabolic Disorders); "causal connection between the injury and the conduct complained of."

---

[45] ROA.24-10288.79-80:¶23-27
[46] ROA.24-10288.79-80
[47] ROA.24-10288.262-265

(the 'tipping off' action[48][49]); "redressed by a favorable decision" (monetary relief under section 1983 claim). The Order did not rule on whether Plaintiff's pleading constituted an "injury in fact"; instead, it directly ruled that Plaintiff did not plead an "injury in fact". It appears that these paragraphs were omitted.

Plaintiff has alleged the fact (tipping off suspect when he sought criminal complaint) in support of his claim (9-11). Plaintiff is quite sure that the sheriff's office would not have called a suspected rapist or murderer and say, "Your victim came to the office to report you." But why did they believe it was OK to call a white-collar alleged criminal and said, "Yan came to the office to report you; we are concerned about your safety""?

V.   What the judgement findings and conclusions is not what was pleaded

A. Plaintiff did not sue for "Defendants for failing to investigate and prosecute injuries he"

The final ORDER says "the Court conducted a de novo review." However, the Order merely mentioned the name of Plaintiff's First Amended Complaint twice[50], without referring any actual quotation from the complaint itself.

---

[48] ROA.24-10288.99:¶135
[49] ROA.24-10288.101:¶146
[50] ROA.24-10288.263,264

Instead, the Order erroneously referenced the facts and conclusions from the FCR, creating a misleading representation of what Plaintiff pleaded. While the FCR stated, "Plaintiff appears to be suing Defendants for failing to investigate and prosecute injuries he allegedly suffered by the acts of two attorneys and a judge in a separate case,"[51] and concluded, "[t]he Complaint also fails because [Plaintiff] does not have standing to sue [a director of a state agency and its chief investigator] for failure to prosecute [his former spouse]." This portrayal, based on the FCR's self-conclusion, deviates from what was actually pleaded.

In summary, the Order concludes as follows: (1). Yan sued the Defendants for failing to investigate and prosecute; (2). such failure does not constitute an injury; (3). absence of injury results in the absence of a case; (4). therefore, Yan's pleading is dismissed for lack of standing.

Contradictorily, the first two sentences of Plaintiff's pleading clearly state, "for **a facial constitutional challenge** to the [**policy**] at issue" and "furthermore," "a complaint for **an as-applied constitutional challenge** to **defendants' actions** at issue." (emphasis added)

The FCR did not draw its own conclusion from reading Yan's pleading. It was a *repacked* conclusion from opposing counsel's conclusion from Motion to

---

[51] ROA.24-10288.249

Dismiss, "Yan lacks standing to assert claims arising out of the decisions to stop investigating and/or to not prosecute his allegations of criminality."[52]

The Order's "departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is "to be liberally construed," […], and "a pro se complaint, however inartfully pleaded, *must be held to less stringent standards* than formal pleadings drafted by lawyers," […] Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do *substantial justice*")."[53](emphasis added)

"In determining the "essential nature" of these claims we are *bound to bear in mind* that the plaintiffs filed their complaint pro se. "[W]here a plaintiff pleads pro se in a suit for the protection of civil rights the court should *endeavor to construe* the plaintiff's pleadings *without regard for technicalities*.""[54](emphasis added) Yan is a first-generation immigrant who came to this country in his late 20s. He does not have a U.S. degree, and his native language is not English. The district court should not exploit the technicalities of Appellant's native language by dismissing

---

[52] ROA.24-10288.172
[53] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)
[54] *Beard v. Stephens*, 372 F.2d 685, 689 (5th Cir. 1967)

the case based on a few potentially misleading words, but should instead construe the complaint as a whole.

Furthermore, it is evident from the record that the "essential nature" of Yan's claims is not to sue the three Defendants, seeking relief for failing to investigate and prosecute, as the FCR misinterpreted. Nine of the twelve claims were facial challenging and seeking declaratory and injunctive relief.

B. Summarized de facto claims

For the First Claim, Plaintiff sough declaratory and injunctive relief enjoining the executive branches of the Tarrant County for the violation of "the clause "unless … a grand jury" of Fifth Amendment."[55]

For the Second Claim, Plaintiff sough declaratory and injunctive relief enjoining the executive branches of the Tarrant County for the violation of "the clause "witness against himself " of Fifth Amendment."[56]

For the Third Claim, Plaintiff sough declaratory and injunctive relief enjoining the executive branches of the Tarrant County for the violation of "the clause "to have the assistance of counsel for his defense" of Sixth Amendment."[57]

---

[55] ROA.24-10288.82:¶37
[56] ROA.24-10288.83:¶45
[57] ROA.24-10288.85:¶54

For the Fourth Claim, Plaintiff sough declaratory and injunctive relief enjoining the executive branches of the Tarrant County for the violation of "the clause "due process" of Fourteenth Amendment."[58]

For the Fifth Claim, Plaintiff sough declaratory and injunctive relief enjoining the executive branches of the Tarrant County for the violation of "the clause "equal protection" of Fourteenth Amendment, regardless of income."[59]

For the Sixth Claim, Plaintiff sough declaratory and injunctive relief enjoining the executive branches of the Tarrant County for the violation of "the clause "equal protection" of Fourteenth Amendment, regardless of one's status."[60]

For the Seventh Claim, Plaintiff sough declaratory and injunctive relief enjoining the executive branches of the Tarrant County for the violation of "Separation of Powers " of Article 1."[61]

For the Eighth Claim, Plaintiff sough monetary relief under section 1983 claim, against official capacity of Defendants for the violation of "Article One, and the First, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution."[62]

---

[58] ROA.24-10288.86:¶65
[59] ROA.24-10288.87:¶73
[60] ROA.24-10288.89:¶84
[61] ROA.24-10288.93:¶98
[62] ROA.24-10288.96:¶112

For the Ninth Claim, Plaintiff sough monetary relief under section 1983 claim, against private capacity of Mark H Taylor for the failure to "uphold the clause "shall" of Tex. Code Crim. Proc § 2.04 and 2.05," and "his action resulted in the deprivation of the Plaintiff's constitutional rights, the clause "equal protection" of Fourteenth Amendments" and "defendant's action of not upholding the criminal justice legal process as demonstrated in Exhibit 5[63]."[64]

For the Tenth Claim, Plaintiff sough monetary relief under section 1983 claim, against private capacity of Richard B Harwell for the failure to "uphold the clause "reasonably protected" of 18 USC § 3771," and "this action resulted in the deprivation of the Plaintiff's constitutional rights, the clause "equal protection" of Fourteenth Amendments" and "in the deprivation of the Plaintiff's right to be reasonably protected from the accused, by the Federal Rights of Crime Victims Act laws."[65]

For the Eleventh Claim, Plaintiff sough monetary relief under section 1983 claim, against private capacity of David F Bennett for the failure to "uphold the clause "reasonably protected" of 18 USC § 3771," and "this action resulted in the deprivation of the Plaintiff's constitutional rights, the clause "equal protection" of

---

[63] ROA.24-10288.125
[64] ROA.24-10288.97:¶121
[65] ROA.24-10288.99:¶134

Fourteenth Amendments" and "in the deprivation of the Plaintiff's right to be reasonably protected from the accused, by the Federal Rights of Crime Victims Act laws."[66]

For the Twelfth Claim, Plaintiff sough declaratory relief and injunctive relief enjoining the executive branches of the Texas for the violation of "Separation of Powers " of Article 1 and the clause "due process" of Fourteenth Amendment."[67]

In none of his claims did Plaintiff state that the Defendants were "failing to investigate and prosecute injuries he." In none of his relief requests did Plaintiff ask the Defendants to investigate and prosecute his criminal complaint.

The Order erroneously concluded with a dismissal based on a legal theory distinct from what Plaintiff pleaded. "Dismissal is improper if the allegations support relief on any possible theory."[68]

C. Plaintiff did not plead that he has a standing for "public interest"

The Order erroneously observed that "[a]ssuming that Plaintiff has, in fact, brought a lawsuit to represent the public interest and not his personal interest, then again Plaintiff would lack standing."

---

[66] ROA.24-10288.101:¶147
[67] ROA.24-10288.104:¶167
[68] *United States v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 321 (5th Cir. 2016)

Plaintiff mentioned the words "public interest"[69] in the Introduction section of Response to the Motion to Dismiss, not in the Argument and Authorities section. The term "pleadings" does not include responses to motions. FED. R. CIV. P. 7(a).

The reason that Plaintiff mentioned the words "public interest" is consistent with pleading in the complaint "allowing an unprecedented constitutional violation to occur, which jeopardizes the constitutional rights of people countywide."[70]

Liberally construed, Plaintiff has asserted "First Amendment overbreadth doctrine" by stating that, additionally, he has a "standing to facially challenge [the Policy] 's constitutionality because the First Amendment overbreadth doctrine provides "an exception to the general rule that a person to whom a [Policy] may be constitutionally applied cannot challenge the statute on the grounds that it may be unconstitutionally applied to others."[71]

"It is well established that, in the area of freedom of expression, an overbroad regulation may be subject to facial review and invalidation, even though its application in the case under consideration may be constitutionally unobjectionable. [...] This exception from general standing rules is based on an appreciation that the very existence of some broadly written laws has the potential

---

[69] ROA.24-10288.184:¶8
[70] ROA.24-10288.97:¶122, 99:¶135, 101:¶148
[71] United States v. Brune, 767 F.3d 1009, 1018 n.5 (10th Cir. 2014)

to chill the expressive activity of others not before the court. […] Thus, the Court has permitted a party to challenge an [Policy] under the overbreadth doctrine in cases where every application creates an impermissible risk of suppression of ideas, such as an ordinance that delegates overly broad discretion to the decisionmaker, […] and in cases where the [Policy] sweeps too broadly, penalizing a substantial amount of speech that is constitutionally protected"[72]

Plaintiff also emphasized the element of "First Amendment overbreadth" in his Motion for a preliminary injunction. He stated:

> *Injunctive relief is in the Public Interest.* With this policy/custom in place, every passing day denies the criminal victims their right to justice, significantly impacting a county with a population of over 2 million people. It is important to recognize the magnitude of this policy's impact on the community as it erodes the statute of limitations, affecting numerous individuals seeking justice.[73](emphasis added)

D. Plaintiff objects the recharacterization of "claims arising out of the decisions to stop investigating and/or not prosecute his allegations of criminality", but the Order ignored his arguments

Despite Plaintiff's efforts to use a simple loan application case[74] to interpret the distinction between suing a policy and suing actions under a policy, the Order

---

[72] *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 129-30 (1992)
[73] ROA.24-10288.242:¶69
[74] ROA.24-10288.184:¶7

erroneously failed to distinguish his claims between suing a policy and suing decisions made under a policy.

The Order erroneously ignored Yan's arguments:

> For the first to eighth claims, and the twelfth one, the plaintiff challenges the policy of Tarrant County under the official capacity of three individuals, seeking relief based on a facial constitutional challenge. For the ninth to eleventh claims, the plaintiff files charges against three individuals for knowingly disregarding laws and procedures during the investigatory process, under their private capacity. **None of the twelve claims are related to the outcome of the plaintiff's personal criminal complaint.**[75]

E. The Order has departed from the principle of party presentation

"In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."[76]

"[D]epartures from the party presentation principle have usually occurred "to protect a *pro se* litigant's rights. […] *Castro v. United States* (2003) (affirming courts' authority to recast *pro se* litigants' motions to "avoid an unnecessary dismissal" or "inappropriately stringent application of formal labeling

---

[75] ROA.24-10288.184:¶8
[76] *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)

requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis""[77]

In this Order, Plaintiff's claims were framed to aid the dismissal.

VI.     The Policy and/or Defendants' subsequent actions were motivated by a discriminatory purpose

Plaintiff asserted two claims challenging the Policy under "equal protection" clause of Fourteenth Amendment, regardless "income" and "status."

"Even if [the Policy] is not facially discriminatory, however, the [Policy] and/or its subsequent enforcement against the [Plaintiff] would still be unconstitutional if its enactment or the manner in which it was enforced were motivated by a discriminatory purpose. [...] A plaintiff does not have to prove that the discriminatory purpose was the sole purpose of the challenged action, but only that it was a "motivating factor."[...] The Supreme Court articulated the following, non-exhaustive factors that a court should consider in assessing whether a defendant acted with discriminatory purpose: (1) the impact of the official action and whether it bears more heavily on one [status] than another; (2) the historical background of the decision; (3) the specific sequence of events leading to the

---

[77] *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020)

challenged action; (4) the defendant's departures from normal procedures or substantive conclusions; and (5) the relevant legislative or administrative history.[…]. Moreover, when relying on *Arlington Heights* to demonstrate that an action was motivated by a discriminatory purpose, a plaintiff need provide "very little such evidence to raise a genuine issue of fact; any indication of discriminatory motive may suffice to raise a question that can only be resolved by a fact-finder."[78] The door leads the Sheriff Office has closed to Plaintiff. He is obviously being discriminated. Under the Policy, the Criminal Justice System Flowchart does not apply to a class of victims of perjury in the family courts.

VII.  <u>Opposing counsel waived some arguments in Motion to Dismiss</u>

Opposing counsel only referred to qualified immunity under the individual capacity. Opposing counsel waived to argue any claim (1-8. 12) arisen under the official capacity.[79]

When the legal term of qualified immunity was mentioned in the Motion to Dismiss, opposing counsel did not apply any alleged fact individually to analysis why each Defendant should enjoy qualified immunity.[80] All three Defendants were alleged under individual claim for distinguish actions. The Order "stopped its

---

[78] *Arce v. Douglas*, 793 F.3d 968, 977 (9th Cir. 2015)
[79] ROA.24-10288.187:¶21
[80] ROA.24-10288.187:¶20

analysis" anyway, it leaves Appellant nothing further to brief this legal position. It also leaves this Court no error to correct analysis at this stage.

## VIII.     Plaintiff is entitled to amendment, not a dismissal with prejudice

Plaintiff requested "leave to amendment[amend]" in his objection to FCR[81]. The Order did not provide an adequate explanation to support its denial of leave.

Plaintiff filed an original complaint[82], including the Tarrant County DA office and Sheriff Office as Defendant Parties[83]. After opposing counsel objected on the grounds that under the reason that Tarrant County DA office and Sheriff Office are not legal entities, Plaintiff dropped the DA Office and Sheriff Office under Rule 21, filed a First Amended Complaint, and summoned three new Defendants. Since then, Plaintiff has never been granted any leave to amend after opposing counsel filed a new Motion to Dismiss on behalf of the new parties or after the FCR.

The same TXND district court had "respectfully disagree[d]. In neither of those attempts to amend did *Plaintiffs have the benefit* of the explanation in the FCR of the deficiency in their pleading regarding [...]."[84](emphasis added) in other

---

[81] ROA.24-10288.259:¶31
[82] ROA.24-10288.10
[83] ROA.24-10288.10.37
[84] *Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2 (N.D. Tex. Sep. 5, 2012)

case. However, this *Pro Se* Plaintiff was neither given the same benefit nor an

adequate explanation.

The federal courts within the Fifth Circuit have held that,

> "When a Rule 12(b)(1) motion is filed in conjunction with other Rule
> 12 motions, the court first considers the Rule 12(b)(1) jurisdictional
> attack before addressing any attack on the merits. […] This
> requirement precludes a court without jurisdiction from dismissing a
> case with prejudice. […] A motion to dismiss under Rule 12(b)(6) is
> "*viewed with disfavor and rarely granted.*" […] The complaint is
> liberally construed in the plaintiff's favor, and all well-pleaded facts in
> the complaint are taken as true. […] *The issue is* whether the plaintiff
> is *entitled to offer evidence to support her claim*, not whether she will
> prevail on the claim. […] Consequently, the court will not dismiss a
> claim unless the plaintiff will not be entitled to any relief under any
> facts or possible theory that the plaintiff could prove consistent with
> the allegations of the complaint."[85] (emphasis added)

This standard is concurred with by numerous federal courts within the other

Circuits, which have stated that,

> "Rule 15(a) of the Federal Rules of Civil Procedure instructs that
> when permission to file a pleading must be obtained from the Court,
> "*leave shall be freely given when justice so requires.*" […] While the
> court has sole discretion to grant or deny a request for leave to amend,
> unless there is a reason for not doing so, such as undue delay, bad
> faith, dilatory tactics, repeated failure to cure deficiencies, or undue
> prejudice to the opposing party, "the leave sought should . . . be 'freely
> given.'" […] "*Pro se litigants are afforded more latitude* than litigants
> represented by counsel to correct defects in . . . pleadings" and pro se
> litigants should be given at least minimal notice of the pleading
> requirements. […] The principles set forth in Moore are instructive
> here. […] The Circuit Court held that "[b]ecause there is no indication
> that any of the defendants would have been prejudiced . . ., the district
> court should have permitted Moore to amend his complaint." Id. at

---

[85] *Hill v. Astrue*, CIVIL ACTION NO. 2:08-CV-43-P-A, 2-3 (N.D. Miss. Oct. 23, 2008)

877-78. Indeed, it is *the Court's duty* to inform the plaintiff of the consequences of not adhering to procedural requirements, although the Court appreciates that this assistance does not permit a pro se plaintiff to ignore the Federal Rules of Civil Procedure. […] (holding that the Court "*must take pains to protect* the rights of *pro se* parties against the consequences of technical errors")"[86](emphasis added)

"Because of the liberal pleading presumption underlying Rule 15(a), we have acknowledged that the term "discretion" in this context "may be misleading, because Fed.R.Civ.P. 15(a) *evinces a bias in favor of granting leave to amend*." As a result, absent a "substantial reason" such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, "*the discretion of the district court is not broad enough to permit denial*." Stated differently, district courts ***must*** entertain a *presumption* in favor of granting parties leave to amend."[87](emphasis added). Plaintiff had requested, so he is entitled a *presumption* in favor of his request, the Order absent a "substantial reason" of denial.

"Leave to amend should be "freely give[n] ... when justice so requires." Fed.R.Civ.P. 15(a)(2). A court must have a " 'substantial reason' to deny a party's request for leave to amend." […] "[F]ailure to provide an adequate explanation to support ... denial of leave" may be grounds for reversal."[88]

---

[86] *KIDD v. HOWARD UNIVERSITY SCHOOL OF LAW*, Case No. 06-CV-1853 (RBW), 2-4 (D.D.C. Jun. 25, 2007)

[87] *Mayeaux v. Louisiana Hlt. Service*, 376 F.3d 420, 425 (5th Cir. 2004)

[88] *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016)

"[I]in this situation, the "failure to provide an adequate explanation to support" the denial of leave to amend is grounds for reversal."[89]

Therefore, Plaintiff is entitled to amendment, not a dismissal with prejudice.

<u>CONCLUSION</u>

Plaintiff has pleaded injury in fact. Defendants failed to dismiss all claims. Defendants' Motion to Dismiss should be dismissed. The final Judgement should be reversed and remanded. Plaintiff's motion for a preliminary injunction should be granted. The interlocutory order denies Plaintiff's motion for a preliminary injunction should be reversed and remanded.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]
[214-228-1886] [arnold200@gmail.com]

---

[89] *Stem v. Gomez*, 813 F.3d 205, 216 (5th Cir. 2016)

# CERTIFICATE OF SERVICE

This is to certify that the foregoing document has been served in a manner in compliance with Rule 25(b) and (c) of the Fed. R. App. P., on June 5, 2024, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]

[214-228-1886] [arnold200@gmail.com]

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

- this brief contains 8,007 words and 785 lines, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type requirements of Fed. R. App. P. 32(a)(6) because:

- this brief has been prepared in a proportionally spaced typeface using Microsoft Office 2016 Word with a 14-point font named Times New Roman.

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]
[214-228-1886] [arnold200@gmail.com]
June 1, 2024