Case No. 24-10288

**In the
United States Court of Appeals
for the Fifth Circuit**

———————————————

CONGHUA YAN,

*Plaintiff – Appellant,*

v.

MARK A. TAYLOR, IN HIS OFFICIAL CAPACITY AS CRIMINAL DISTRICT OFFICE INVESTIGATOR, TARRANT COUNTY, AND IN HIS PRIVATE CAPACITY; RICHARD B. HARWELL, IN HIS OFFICIAL CAPACITY AS SERGEANT, TARRANT COUNTY, AND IN HIS PRIVATE CAPACITY; DAVID F. BENNETT, IN HIS OFFICIAL CAPACITY AS SHERIFF, DEPUTY, TARRANT COUNTY, AND IN HIS PRIVATE CAPACITY,
*Defendants – Appellees.*

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
Civil Action No. 4:23-CV-288

———————————————

**BRIEF OF APPELLEES MARK A. TAYLOR,
RICHARD B. HARWELL, AND DAVID F. BENNETT**

———————————————

PHIL SORRELLS
Tarrant County Criminal
District Attorney

M. KEITH OGLE
Texas State Bar No. 24037207
Assistant Criminal District Attorney
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor – Civil
Fort Worth, Texas 76196
817-884-1233 – Telephone
817-884-1675 – Facsimile
E-Mail: mkogle@tarrantcountytx.gov

COUNSEL FOR MARK A. TAYLOR, RICHARD B. HARWELL,
AND DAVID F. BENNETT, DEFENDANTS-APPELLEES,

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record adopts and incorporates by reference the Certificate of Interested Persons contained in the Brief of Plaintiff-Appellant.

_/s/ Melvin Keith Ogle_
Melvin Keith Ogle

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument will not significantly assist the Fifth Circuit in resolving the issues on appeal because this case arises from the granting of a motion to dismiss under Federal Rule of Civil Procedure 12, and the law is well settled. This matter can be resolved by submission on the briefs, and the district court's judgment should be summarily affirmed. However, if oral argument is granted, Appellees request an opportunity to argue in response.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..................................... 2

STATEMENT REGARDING ORAL ARGUMENT ............................ 3

TABLE OF CONTENTS ........................................................... 4

TABLE OF AUTHORITIES ...................................................... 6

STATEMENT OF JURISDICTION ...................................... 10

    A.    District Court Jurisdiction ..................................... 10

    B.    Court of Appeals Jurisdiction ............................... 10

ISSUES PRESENTED ................................................... 11

STATEMENT OF THE CASE ......................................... 12

    A.    Mr. Yan asserted a state judge's order for him to pay attorneys' fees involved crimes including perjury. ....................................................... 12

    B.    Mr. Yan reported the alleged crime to the Sheriff's Office ....................................................... 13

    C.    The Sheriff's Office closed its investigation when the Criminal District Attorney's Office indicated it would not investigate or accept the case for prosecution. ................................................ 13

    D.    In response, Mr. Yan sued the Sheriff's Office and the Criminal District Attorney's Office. .............. 14

    E.    Mr. Yan amended to name the involved investigators from each office. ............................ 14

    F.    The investigators moved to dismiss based on standing and qualified immunity. ...................... 16

G.    The district court correctly granted the investigators' motion to dismiss.............................16

SUMMARY OF THE ARGUMENT .......................................................17

ARGUMENTS AND AUTHORITIES ...................................................18

I.    This Court should affirm the dismissal of Mr. Yan's claims against Appellees based on Mr. Yan's lack of standing.................................................................................18

    A.    12(b)(1) Standard of Review ....................................18

    B.    Mr. Yan lacked standing to sue the three investigators arising out of their decision to stop investigating and/or to not prosecute his allegations of criminality. .....................................19

II.    The district court properly dismissed Mr. Yan's claims because he failed to defeat the investigators' qualified immunity defenses.............................................................29

III.    The district court properly denied Mr. Yan's request for a preliminary injunction. .............................................32

    A.    Preliminary Injunction Standard of Review .................32

    B.    The district court properly denied Mr. Yan's request for a preliminary injunction. ...............................33

IV.    Mr. Yan was not entitled to amend.................................35

PRAYER FOR RELIEF........................................................................38

CERTIFICATE OF SERVICE .............................................................39

CERTIFICATE OF COMPLIANCE.....................................................40

**Cases**

*Bailey v. Patterson*,
    369 U.S. 31 (1962) ................................................................22

*Barilla v. City of Houston, Tex.*,
    13 F.4th 427 (5th Cir. 2021) .................................................25

*Book People, Inc. v. Wong*,
    91 F.4th 318 (5th Cir. 2024) .................................................25

*Cheejati v. Blinken*,
    97 F.4th 988 (5th Cir. 2024) .................................................32

*City of Beaumont v. Bouillion*,
    896 S.W.2d 145 (Tex. 1995) .................................................28

*Del Marcelle v. Brown Cnty. Corp.*,
    680 F.3d 887 (7th Cir. 2012) (en banc) ................................23

*Dennis Melancon, Inc. v. City of New Orleans*,
    703 F.3d 262 (5th Cir. 2012) .................................................33

*Edwards v. Best Buy Co.*,
    No. 19-3316, 2021 WL 4399562 (D.D.C. Sept. 27, 2021),
    *aff'd*, No. 20-5370, 2022 WL 566484 (D.C. Cir. Feb. 22,
    2022) ....................................................................................24

*England v. JPMorgan Chase Bank, N.A.*,
    4:14-cv-183-Y, 2014 WL 12588508 (N.D. Tex. June 19,
    2014) ....................................................................................37

*Esteves v. Brock*,
    106 F.3d 674 (5th Cir. 1997) .................................................24

*In re Capstead Mortg. Corp. Sec. Litig.*,
    258 F. Supp. 2d 533 (N.D. Tex. 2003) ..................................37

*Interox Am. v. PPG Indus., Inc.*,
    736 F.2d 194 (5th Cir. 1984) .................................................33

*Jacquez v. Procunier,*
    801 F.2d 789 (5th Cir. 1986) ....................................................36

*Jenkins v. Tarrant Cnty. Sheriff's Office,*
    Nos. 22-10244 & 22-10718, 2023 WL 5665774 (5th Cir.
    Sept. 1, 2023) (op. on reh'g) ....................................................37

*Knutson v. Harris,*
    3:17-CV-2618-BK, 2018 WL 4281557 (N.D. Tex. Sept.
    6, 2018) ....................................................................................37

*Kokkonen v. Guardian Life Ins. Co.,*
    511 U.S. 375 (1991) ..................................................................18

*Lauren C. by & through Tracey K. v. Lewisville Indep. Sch.*
    *Dist.,*
    904 F.3d 363 (5th Cir. 2018) ....................................................31

*Lefebure v. D'Aquilla,*
    15 F.4th 650 (5th Cir. 2021, *cert. denied*, 142 S. Ct.
    2732 (2022) ..................................................................23, 25, 28

*Linda R.S. v. Richard D.,*
    410 U.S. 614 (1973) ....................................................22, 25, 28

*Lujan v. Defs. of Wildlife,*
    504 U.S. 555 (1992) ..........................................................20, 21

*Mark v. Spears,*
    722 F. App'x 362 (5th Cir. 2018) ..............................................31

*Miss. Power & Light Co. v. United Gas Pipe Line Co.,*
    760 F.2d 618 (5th Cir. 1985) ..............................................33, 34

*Mock v. Garland,*
    75 F.4th 563 (5th Cir. 2023) ....................................................33

*Muskrat v. United States,*
    219 U.S. 346 (1911) ..................................................................19

*Nken v. Holder*,
556 U.S. 418 (2009) ..................................................................32

*Poe v. Ullman*,
367 U.S. 497 (1961) ..................................................................22

*Ramming v. United States*,
281 F.3d 158 (5th Cir. 2001) ...................................................18

*Rest. L. Ctr. v. U.S. Dep't of Lab.*,
66 F.4th 593 (5th Cir. 2023) ...................................................32

*Rivera v. Wyeth-Ayerst Labs.*,
283 F.3d 315 (5th Cir. 2002) ...................................................19

*Ross v. Fed. Bureau of Investigation*,
No. CV 21-496-BAJ-RLB, 2022 WL 3928528 (M.D. La.
Aug. 3, 2022), *report and recommendation adopted*,
2022 WL 3925277 (M.D. La. Aug. 30, 2022) ........................24

*Rossi v. City of Chicago*,
790 F.3d 729 (7th Cir. 2015) ...................................................24

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ....................................................................19

*Storey v. Schofield*,
No. 14-1098-JDT-egb, 2016 WL 1421011 (W.D. Tenn.
Apr. 8, 2016) .............................................................................24

*Tesfamichael v. Gonzales*,
411 F.3d 169 (5th Cir. 2005) ...................................................33

*United States v. Texas*,
599 U.S. 670 (2023) ............................................... 25, 26, 27, 28

*Valley Forge Christian College v. Americans United for
Separation of Church and State, Inc.*,
454 U.S. 464 (1982) ..................................................................26

8

*Whitmore v. Arkansas,*
    495 U.S. 149 (1990) ...................................................................19

*Williamson v. Tucker,*
    645 F.2d 404 (5th Cir. 1981) .................................................19

*Wyatt v. Cole,*
    504 U.S. 158 (1992) ...................................................................28

*Yohey v. Collins,*
    985 F.2d 222 (5th Cir. 1993) .................................................31

*Younger v. Harris,*
    401 U.S. 37 (1971) .....................................................................22

**Statutes**

42 U.S.C § 1983 ...............................................................................28

**Rules**

Fed. R. Civ. P. 15(a)(2)...................................................................37

N.D. Tex. L. Civ. R. 15.1................................................................38

**STATEMENT OF JURISDICTION**

## A.    District Court Jurisdiction

Because Conghua Yan asserted claims under 42 U.S.C. § 1983, the district court had jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

## B.    Court of Appeals Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 because this appeal is from a final judgment rendered and entered in the United States District Court for the Northern District of Texas, Fort Worth Division.

This appeal is timely under Federal Rule of Appellate Procedure 4 because judgment dismissing Appellant's claims against Mark Taylor, Richard Harwell, and David Bennett was entered on March 19, 2024, ROA.266, and Plaintiff's Notice of Appeal was filed on April 2, 2024, ROA.267.

**Response to Appellant's 1st, 3rd, 4th, and 5th Issues:** Conghua Yan lacked standing to challenge both (1) the decision of the three criminal investigators to end the investigation into Mr. Yan's complaint of alleged perjury/criminal activity in his family law proceeding and (2) the underlying "policy" upon which the investigators made their decision to stop investigating. Therefore, this Court should overrule Mr. Yan's 1st, 3rd, 4th, and 5th issues purporting to raise as applied and facial challenges to the "policy" and affirm the district court's Final Judgment.

**Response to Appellant's 7th Issue:** Also, the district court properly determined that Mr. Yan failed to overcome the investigators' qualified immunity defenses, and this Court can affirm on that basis.

**Response to Appellant's 2nd Issue:** The district court properly denied Mr. Yan's Motion for a Preliminary Injunction.

**Response to Appellant's 6th Issue:** Mr. Yan was not entitled to amend, and the district court properly dismissed Mr. Yan's claims.

In sum, this Court should overrule each of Mr. Yan's seven issues and should affirm the district court's dismissal of Mr. Yan's claims against Investigators Taylor, Harwell, and Bennett.

**A.    Mr. Yan asserted a state judge's order for him to pay attorneys' fees involved crimes including perjury.**

Mr. Yan's 55-page amended complaint is not the model of clarity, but his underlying claims arise out of his Texas state court family law proceeding. ROA.74-76. He alleged that three "suspects" committed various crimes (including aggravated perjury) by fabricating court orders of garnishment that two other persons signed and submitted to the state court. ROA.74-76.

Mr. Yan further alleged the "suspects" committed criminal solicitation and criminally conspired about the attorney's fees he was ordered to pay. ROA.76-77. Specifically, Mr. Yan alleged that he lost $25,000 due to a "fraudulent court order." ROA.76. Mr. Yan did not clearly identify the alleged suspects, but he later revealed the alleged "suspects" were his attorney, his spouse's attorney, and the judge who ordered Mr. Yan to pay the attorneys' fees.[1] ROA.85-86, ROA.227.

_____

[1] A second lawsuit against those parties (and others) is the subject of a second appeal pending in this Court. *See* Case No. 24-10543, *Yan v. State Bar of Texas.*

**B.    Mr. Yan reported the alleged crime to the Sheriff's Office.**

Mr. Yan undisputedly reported the alleged criminal conduct to the Tarrant County Sheriff's Office ("TCSO" or "Sheriff's Office"). ROA.77 ("On December 16, 2022, the Plaintiff filed a criminal complaint, case number 2022-18012, with the Tarrant County Sheriff's Department."). The Sheriff's Office opened an investigation. *Id.*

**C.    The Sheriff's Office closed its investigation when the Criminal District Attorney's Office indicated it would not investigate or accept the case for prosecution.**

However, after consulting with the Tarrant County Criminal District Attorney's Office ("CDA")—the office that would have represented the State of Texas in prosecuting a crime—the Sheriff's Office decided to close its investigation of Mr. Yan's criminal complaint. *Id.* The Sheriff's Office informed Mr. Yan of the decision to close its investigation of his criminal complaint by letter, which Mr. Yan attached to his amended complaint:

> On December 16, 2022, you were listed as the reporting person a victim in TCSO case #2022-18012. After my investigating, I was not able to meet the requirements set forth by TDCA's office. I spoke to TDCA's office regarding your issue and they advised they would only accept or open an investigation into your claim of perjury only at the request of the presiding judge, since that did not occur, your case has been closed.

ROA.123. In short, when the prosecuting attorney's office declined to investigate or prosecute Mr. Yan's criminal complaint, the Sheriff's Office—to whom Mr. Yan had made his criminal complaint—decided to close its investigation. ROA.78, ROA.123.

## D. In response, Mr. Yan sued the Sheriff's Office and the Criminal District Attorney's Office.

Unwilling to accept this result, Mr. Yan sued the Tarrant County Sheriff's Office and Criminal District Attorney's Office. ROA.13. In substance, Mr. Yan challenged the "policy" set forth in the letter. ROA.14-20. He sought injunctive relief to disregard the "policy" and to force each entity to open and accept his case, and he sought monetary damages. *Id.*

Both non-jural defendants moved to dismiss, raising *inter alia* the issue of standing. ROA.35. The court ordered Mr. Yan to amend, giving "Plaintiff [Yan] a final opportunity to amend his complaint to plead his 'best case' prior to considering Defendants' motion to dismiss." ROA.64.

## E. Mr. Yan amended to name the involved investigators from each office.

Mr. Yan amended and named CDA Investigator Taylor, TCSO Sergeant Harwell, and TCSO Deputy Bennett. ROA.73. Among other things, Mr. Yan asserted an unfounded belief that Mark Taylor is "the

rulemaker" of the CDA's alleged "policy" concerning the prosecution of perjury cases that lead to Sgt. Harwell and Deputy Bennett's decision to close their investigation into Mr. Yan's criminal complaints. ROA.87.

As the United States Magistrate Judge pointed out, Mr. Yan alleged a multitude of claims.[2] At their core, however, Mr. Yan sought to challenge the supposed policy of the prosecuting attorney's office that lead to the Sheriff's Office discretionary decision to close its investigation of Mr. Yan's alleged criminal complaint. ROA.104-107. He also sought monetary damages. *Id.*

---

[2] The magistrate judge summarized the claims as follows: (1) "Clause 'unless . . . a grand jury' of 5th Amendment Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202;" (2) "Clause 'witness against himself' of 5th Amendment[,] Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202;" (3) "Clause "to have . . . assistance of counsel . . . defense[ ], of 6th Amendment[,] Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202;" (4) "Clause 'due process' of 14th Amendment[,] Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202;" (5) "Clause 'equal protection' of 14th Amendment Regardless of income[,] Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202;" (6) "Clause 'equal protection' of 14th Amendment Regardless of one's status[,] Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202;" (7) "Clause 'Separation of Powers' of U.S. const. ArtI.S1.3.1[,] Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202" (8) "Official Capacity of Defendant and Co-Defedants [sic] [,] U.S. Const. art. I[,] U.S. Const. amend. I, V, VI, XIV[,] Compensatory and punitive damages, 42 U.S.C. § 1983;" (9) "Private Capacity of Mark H Taylor, Defendant[,] U.S. Const. amend. XIV[,] Compensatory and punitive damages, 42 U.S.C. § 1983;" (10) "Private Capacity of Richard B Harwell, co-defendant[,] U.S. Const. amend. XIV[,] 18 U.S.C. § 3771[,] Compensatory and punitive damages, 42 U.S.C. §§ [sic] 1983;" (11) "Private Capacity of David F Bennett, codefendant[,] U.S.. Const. amend. XIV[,] 18 U.S.C. § 3771[,] Compensatory and punitive damages, 42 U.S.C. §§ [sic] 1983;" and (12) "U.S. Const., amend. XIV, U.S. Const. art. I[,] Perjury and prosecutorial discretion[,] Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202." ROA.247 (citing ROA.80-104 (mistakes in original)).

**F.  The investigators moved to dismiss based on standing and qualified immunity.**

In response, Investigators Taylor, Harwell, & Bennett moved to dismiss under Rule 12, arguing that Mr. Yan lacked standing to sue them and that they were each entitled to qualified immunity. ROA.168. Mr. Yan later filed a "Motion for Preliminary Injunction," seeking to enjoin "the Tarrant County, Tarrant County Sheriff's department, and Tarrant County Criminal District Attorney's office from: 1. Adopting to the policy/custom, 'requirement set forth by TCDA's office…', as defined in the [above-quoted] letter[.]" ROA.218. The district court denied that motion. ROA.244.

**G.  The district court correctly granted the investigators' motion to dismiss.**

Thereafter, the magistrate judge recommended that the district court grant the motion to dismiss, finding and concluding (1) that Mr. Yan lacked standing and (2) that each of the three investigators was entitled to qualified immunity. ROA.246. Over Mr. Yan's objections, ROA.253, the district court accepted the magistrate judge's Findings, Conclusions, and Recommendations ("FCR"), ROA.262, and signed a Final Judgment dismissing Mr. Yan's claims against Investigators Taylor, Harwell, and Bennett, ROA.266. This appeal ensued. ROA.267.

## SUMMARY OF THE ARGUMENT

The district court properly dismissed this case. Persons who are not being prosecuted or threatened with prosecution lack standing to sue investigators who decide not to investigate alleged crimes involving others. Accordingly, Mr. Yan lacked standing to sue Investigators Taylor, Harwell, or Bennett after the Sheriff's Office investigators closed their investigation of crimes Mr. Yan had reported. Mr. Yan also had no standing to generally challenge the alleged "policy" of whether to investigate or prosecute alleged perjury in family law cases. Mr. Yan did not show that he was entitled to preliminary injunction on these claims.

Alternatively, all three investigators were also entitled to qualified immunity on Mr. Yan's individual capacity claims.

Mr. Yan was warned to plead his best case and given the chance to amend his complaint. He tried but did not succeed. His perfunctory request for leave to amend in the final sentence of his objections to the FCR was improper. Thus, the district court did not abuse its discretion in dismissing Mr. Yan's claims without allowing further amendment.

Because the district court correctly dismissed this case, this Court should affirm the Final Judgment.

## I. This Court should affirm the dismissal of Mr. Yan's claims against Appellees based on Mr. Yan's lack of standing.

In his first, third, fourth, and fifth issues, Mr. Yan challenges the constitutionality of the alleged policy that the CDA's Office will not open or accept an investigation involving alleged perjury upon a family court unless requested by the presiding judge and claims he has standing to raise facial and as-applied challenges to the alleged policy. Blue Br. at 8 & 10. This Court should overrule Mr. Yan's first, third, fourth, and fifth issues and affirm the district court's Final Judgment dismissing Mr. Yan's claims against Appellees. *See* ROA.266.

### A. 12(b)(1) Standard of Review

This court reviews *de novo* a district court's decision to dismiss based on lack of subject matter jurisdiction and applies the same standard as the district court. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the burden is on the plaintiff to establish jurisdiction to survive the motion. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1991). A district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint

alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

### B. Mr. Yan lacked standing to sue the three investigators arising out of their decision to stop investigating and/or to not prosecute his allegations of criminality.

Article III standing is a threshold question in every case. *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) ("[W]e must decide standing first, because it determines the court's fundamental power even to hear the suit."). "Article III, § 2, of the Constitution extends the 'judicial Power' of the United States only to 'Cases' and 'Controversies.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). The Supreme Court has interpreted "cases" and "controversies" to refer to those types of disputes "traditionally amenable to, and resolved by, the judicial process." *Id.* (citing *Muskrat v. United States*, 219 U.S. 346, 356-357 (1911)). "Standing to sue is part of the common understanding of what it takes to make a justiciable case." *Steel Co.*, 523 U.S. at 102 (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

To establish the Constitutional minimum required for Article III standing, plaintiffs must show (1) that they suffer an "injury in fact," *i.e.*, "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) that the injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court"; and (3) that it is "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992) (citing cases) (internal punctuation removed).

"When the suit is one challenging the legality of government action or inaction, the nature and extent of facts that must be averred (at the summary judgment stage) or proved (at the trial stage) in order to establish standing depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue." *Lujan*, 504 U.S. at 561. When, as here, the plaintiff's "asserted injury" arises from the government's inaction with respect to a third party, standing is "ordinarily substantially more difficult to establish." *Id*. at 562.

The three investigators all moved to dismiss Mr. Yan's claims for lack of standing. ROA.172. All of Mr. Yan's claims arise out of law enforcement discretionary decision-making authority to close their investigation into the alleged criminality Mr. Yan reported and on the prosecutor's office's discretionary decision not to prosecute such alleged criminality based on the evidence presented to the TCSO. *Id.* The investigators, therefore, argued that Mr. Yan lacked standing to sue the employees of the TCSO's or CDA's offices individually, or in their official capacities, for these decisions. *Id*. Furthermore, they argued that Mr. Yan lacked standing to seek declaratory or injunctive relief targeting the Executive Branch of either the State of Texas or Tarrant County, Texas regarding the CDA's exercise of prosecutorial discretion. *Id.* The district court agreed and dismissed Mr. Yan's claims for lack of standing. ROA.262-267.

On appeal, Mr. Yan takes issue with the district court's application of the general standing test enunciated in *Lujan*, 504 U.S. at 560. Blue Br. at 15. Mr. Yan sets up a straw man argument, claiming that he was banned from filing a criminal complaint. Blue Br. at 18. No such allegations are contained in his amended complaint. ROA.71-125.

Rather, his amended pleading clearly states that he was able to file a criminal complaint (ROA.74, ROA.77), but the investigating agency (the TCSO) decided to close—and not reopen—its investigation of the criminal complaint after consulting with the prosecuting attorney's office (the CDA's Office) (ROA.77-80). The challenged policy is not that Mr. Yan cannot complain to law enforcement about alleged crimes; rather, the policy at issue is whether a law enforcement agency has discretion to decide whether to investigate a criminal complaint based on the information presented to it (or lack of information presented) (ROA.123, the letter containing the "policy" that Mr. Yan is challenging).

On this issue, the Supreme Court has consistently held "that a citizen lacks standing to contest the policies of [a] prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (citing *Younger v. Harris*, 401 U.S. 37, 42 (1971); *Bailey v. Patterson*, 369 U.S. 31, 33 (1962); *Poe v. Ullman*, 367 U.S. 497, 501 (1961)). That is because "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Id.* (affirming dismissal for lack of standing where the mother of an illegitimate child

sought to enjoin a local district attorney from refraining to prosecute the father of the child for failure to provide child support).

Consistent with the foregoing, this Court has held that an alleged rape victim lacked Article III standing to sue a district attorney for his failure to investigate and prosecute her alleged assailant notwithstanding allegations that the practice violated the plaintiff's 14th Amendment rights. *Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) ("It is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch."), *cert. denied*, 142 S. Ct. 2732 (2022); s*ee also Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 901 (7th Cir. 2012) (en banc) (Easterbrook, C.J., concurring) (crime victims are "not entitled to an order requiring arrest or prosecution of [their assailants], or to damages because of public officials' decision not to do so") (collecting cases). Courts routinely conclude that parties lack standing to sue law

enforcement when they decide not to investigate allegations of criminality, particularly when no prosecution will follow.[3]

Applying these well-established authorities, the district court concluded that Mr. Yan lacked standing to sue Harwell, Bennett, or Taylor, individually or in their official capacities for any allegation that they failed to investigate or prosecute the alleged criminality Yan reported arising out of his family court proceedings. ROA. 246-252, ROA.262-266. The district court also agreed with the FCR that Mr. Yan lacked standing to challenge the alleged policy of the Tarrant County CDA's Office[4] on behalf of the broader public because such would

---

[3] *See, e.g., Ross v. Fed. Bureau of Investigation*, No. CV 21-496-BAJ-RLB, 2022 WL 3928528, at *4 (M.D. La. Aug. 3, 2022) (recommending dismissal of plaintiff's claims against FBI for its alleged failure to investigate criminal complaints and bring charges against a third party), *report and recommendation adopted*, 2022 WL 3925277 (M.D. La. Aug. 30, 2022); *Edwards v. Best Buy Co.*, No. 19-3316, 2021 WL 4399562, at *5 (D.D.C. Sept. 27, 2021) (plaintiff lacked Article III standing to challenge the FBI's alleged inaction by failing to investigate the alleged illegal activities of a federal district court), *aff'd*, No. 20-5370, 2022 WL 566484 (D.C. Cir. Feb. 22, 2022); *Storey v. Schofield*, No. 14-1098-JDT-egb, 2016 WL 1421011, at *12 (W.D. Tenn. Apr. 8, 2016) ("The Constitution does not compel government officials to investigate complaints by citizens."); *accord Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) ("We note at the outset that Rossi does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction.").

[4] When acting in their official prosecutorial capacities, such as determining whether to prosecute, Texas criminal district attorneys are considered agents of the State of Texas. *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997).

constitute an impermissible advisory opinion where there was no case or controversy. ROA.263-65.

On appeal, Mr. Yan does not cite or discuss *Lebefure, Linda R.S.,* or their progeny, which control the disposition of this case. Blue Br. generally. He cites cases involving pre-enforcement challenges involving alleged violations of the First Amendment, which are inapplicable. *See id.* at 17 & 19 (citing *Book People, Inc. v. Wong,* 91 F.4th 318 (5th Cir. 2024); *Barilla v. City of Houston, Tex.,* 13 F.4th 427 (5th Cir. 2021)). Neither case involves an alleged policy of a prosecutor's office to determine when it will open an investigation and/or accept for prosecution a particular type of case (which, is what Mr. Yan is challenging). Likewise, neither case named law enforcement investigators as defendants where the plaintiff was challenging the decision to not investigate a crime further. Accordingly, both cases are legally and factually distinguishable and are completely inapplicable to Mr. Yan's appeal.

If Mr. Yan was looking for a recent case on point, he could have examined *United States v. Tex*as, in which the Supreme Court reaffirmed *Linda R.S.'s* central standing principles. 599 U.S. 670 (2023). Before the

Court was the question of whether states could ask a district court to compel the Executive Branch to alter its arrest policy regarding certain immigrants. *Id*. at 674. The Court quoted from *Linda R.S.* and held that the states lacked Article III standing. *Id*.

"Article III standing is 'not merely a troublesome hurdle to be overcome if possible so as to reach the 'merits' of a lawsuit which a party desires to have adjudicated; it is a part of the basic charter promulgated by the Framers of the Constitution at Philadelphia in 1787." *Id*. at 675 (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 476 (1982)). The Court further explained, "[t]he Court's Article III holding in *Linda R. S.* applies to challenges to the Executive Branch's exercise of enforcement discretion over whether to arrest or prosecute." *Id*. at 677.

While *United States v. Texas* concerns the specific question of whether states can sue to challenge the federal Executive Branch's arrest and prosecution policies, its rationale applies to this case, in which Mr. Yan challenged the Tarrant County Criminal District Attorney's (State of Texas's) enforcement discretion regarding the investigation and prosecution of alleged perjury claims arising out of state family court

cases. *See id.* Mr. Yan did not and cannot show any precedent, history, or tradition of the federal courts ordering state criminal investigators or prosecutors to change their investigative or prosecution policies (particularly those concerning alleged perjury in the context of family law matters) to, in effect, mandate that a state investigate or initiate more prosecutions (again, particularly those involving alleged family law litigant perjury). *See id.*

On appeal, as in the district court, Mr. Yan simultaneously claims to not be suing the three named individuals for their application of the "policy" to his situation, but Mr. Yan claims to be generally challenging the alleged "policy" of investigating/prosecuting perjury claims. Blue Br. at 32 ("[I]t is evident from the record that the 'essential nature' of Yan's claims is not to sue the three Defendants, seeking relief for failing to investigate and prosecute…."); *see also* ROA.264 (wherein the district court addressed Mr. Yan's recharacterization of his claims). Regardless of how Mr. Yan has sought to frame his claims (*i.e.*, as challenges to the "policy" itself or as to how the three investigators specifically applied the "policy" to Mr. Yan's situation), Mr. Yan lacks standing to challenge the

TCSO's and/or CDA's enforcement discretion. *See United States*, 599 U.S. at 674; *Linda R.S.*, 410 U.S. at 619.

In sum, Mr. Yan did not plead an injury in fact, caused by Investigators Taylor, Harwell, and/or Bennett, and he did not show how his requested relief against Investigators Taylor, Harwell, and/or Bennett would redress his asserted injury. *See Lujan*, 504 U.S. at 560). Therefore, the magistrate judge's FCR correctly recommended dismissal under *Lebefure* and *Linda R.S.* (and their progeny), ROA.248-251, and the district court correctly accepted the FCR, ROA.263-265. Accordingly, this Court should overrule Mr. Yan's 1st, 3rd, 4th,[5] and 5th issues and

---

[5] Regarding Mr. Yan's fourth issue concerning whether the "policy" violated the Texas Constitution, this issue should be overruled on two additional grounds. First, the citation in Mr. Yan's brief to his amended complaint only states that he raised challenges under the United States Constitution. Blue Br. at 8 (citing ROA.71). Mr. Yan cannot complain on appeal about something he did not raise in the district court. Second, Mr. Yan could not have brought such a challenge because Texas does not have a statutory provision comparable to § 1983 that creates a private cause of action for violations of the Texas Constitution, *see City of Beaumont v. Bouillion*, 896 S.W.2d 145, 149 (Tex. 1995), and § 1983 cannot be used to pursue a cause of action for an alleged violation of state constitutional rights, *see* 42 U.S.C § 1983 ("Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States] ...."); *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally* guaranteed rights and to provide relief to victims if such deterrence fails.") (emphasis added) (citation omitted).

affirm the district court's dismissal of Mr. Yan's claims for lack of standing. ROA.262-266.

## II. The district court properly dismissed Mr. Yan's claims because he failed to defeat the investigators' qualified immunity defenses.

The magistrate judge devoted the majority of his analysis to the standing issue, ROA.248-250, which was dispositive of all of the individual and official capacity claims that Mr. Yan asserted). However, the magistrate judge also recommended dismissal on the basis of the investigators' asserted defense of qualified immunity, ROA.250 n.1, and the district court accepted this recommendation, ROA.263. In his 7th issue, Mr. Yan questions whether Investigators Taylor, Harwell, and Bennett were entitled to qualified immunity. Blue Br. at 9.

In the body of his brief, however, Mr. Yan does not articulate why he believes it was error to determine that Investigators Taylor, Harwell, and Bennett were entitled to qualified immunity. *Id*. at 40-41. Instead, the only argument Mr. Yan makes is that qualified immunity does not apply to the official-capacity claims that he asserted against the three individuals. *Id*. at 40.

On this specific point, the three investigators agree. However, they never asserted their qualified immunity defense to the official capacity claims. ROA.173-177.

In the three investigators' motion to dismiss, they only raised qualified immunity with respect to the individual-capacity claims. For instance, in the grounds for relief section of the motion, they expressly stated "Taylor, Harwell, and Bennett have qualified immunity for the claims asserted against them **in their individual capacities**." ROA.170 (emphasis added). Then, in arguing this ground, Taylor, Harwell, and Bennett specifically moved for dismissal only on the individual-capacity claims. ROA.176 ("Therefore, Taylor, Harwell, and Bennett are entitled to qualified immunity, and this Court should dismiss all of Yan's causes of action (to the extent they are asserted against the three defendants **in their individual capacities**).") (emphasis added); ROA.177 ("The Court should, therefore, dismiss Yan's **individual-capacity claims** against each individual defendant.") (emphasis added). None of the investigators requested, and neither the magistrate judge, nor the district judge, indicated that it had granted qualified immunity on Mr. Yan's official-capacity claims. ROA.250,

ROA.263. Mr. Yan's complaints about qualified immunity applying to his official-capacity claims are simply a non-issue.

Otherwise, Mr. Yan's seventh issue makes no argument about the propriety of the dismissal of Mr. Yan's individual-capacity claims on the alternative basis of each individual's asserted qualified immunity defense. ROA.250, ROA.263. "This Court may affirm on grounds other than those relied upon by the district court when the record contains an adequate and independent basis for that result." *Lauren C. by & through Tracey K. v. Lewisville Indep. Sch. Dist.*, 904 F.3d 363, 374 (5th Cir. 2018). While the district court primarily dismissed the action on the basis of standing, the district court's judgment dismissing the individual-capacity claims can also be affirmed on the alternative qualified immunity ground, which was briefed (ROA.173-177) and ruled upon. ROA.250 n.1, ROA.263.

Because Mr. Yan failed to sufficiently brief this independent ground for affirmance, he waived his right to challenge it. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Mark v. Spears*, 722 F. App'x 362 (5th Cir. 2018). However, were this Court to examine the aforementioned qualified immunity ground for dismissal, the arguments

contained in the motion to dismiss properly raised the issue (ROA.173-177) and support the affirmance of the district court's Final Judgment dismissing Mr. Yan's individual-capacity claims against each of the three investigators.

## III. The district court properly denied Mr. Yan's request for a preliminary injunction.

In his second issue, Mr. Yan challenges the district court's denial of his Motion for a Preliminary Injunction. Blue Br. at 8 & 26-27. This issue should be overruled.

### A. Preliminary Injunction Standard of Review

This Court reviews the denial of a preliminary injunction for abuse of discretion, but any underlying legal principles are reviewed de novo. *Cheejati v. Blinken*, 97 F.4th 988, 989 (5th Cir. 2024). In deciding a motion for a preliminary injunction, a court must consider four factors: (1) a substantial threat of irreparable harm to the movant absent the injunction, (2) the likelihood of the movant's ultimate success on the merits, (3) the balance of harms to the parties, and (4) the public interest. *Rest. L. Ctr. v. U.S. Dep't of Lab.*, 66 F.4th 593, 597 (5th Cir. 2023). The "first two factors of the traditional standard are the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). And "[t]here is authority" that

"likelihood of success on the merits … is the most important of the preliminary injunction factors." *Mock v. Garland*, 75 F.4th 563, 587 n.60 (5th Cir. 2023); *see also Tesfamichael v. Gonzales*, 411 F.3d 169, 176 (5th Cir. 2005).

## B. The district court properly denied Mr. Yan's request for a preliminary injunction.

**First**, on the issue of whether Mr. Yan demonstrated a likelihood of success on the merits, he failed to establish his standing to sue. *See* discussion above. That is reason enough to affirm the district court's denial of his requested preliminary injunctive relief.

**Second**, this Court can affirm on the irreparable harm element, which the district court's decision primarily addressed. ROA.244-245. As the district court explained, preliminary injunctions are properly considered "an extraordinary remedy." ROA.245 (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). It is well-established that an injury is irreparable only "if it cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012); *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984).

Following this Court's guidance that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule," ROA.245 (citing *Miss. Power & Light Co.*, 760 F.2d at 621 (collecting cases)), the district court cited Mr. Yan's pleadings and motion for a preliminary injunction wherein he claimed specific monetary damages and determined that Mr. Yan's alleged injuries could be fully and adequately compensated by money damages or injunctive relief after trial. *Id.* (quoting ROA.217: "Plaintiff has lost valuable time within the statute of limitations, equivalent to 5 months, and continues to face financial losses of $25,000.").

In so ruling, the district court did not abuse its discretion in determining that Mr. Yan had failed to establish the irreparable harm element.[6] Investigators Taylor, Harwell, and Bennett urge this Court to overrule Mr. Yan's second issue and to affirm the district court's Final

---

[6] As independent grounds for affirming the district court's judgment, Investigators Taylor, Harwell, and Bennett maintain that Mr. Yan failed to establish the third and fourth elements required for a preliminary injunction and failed to brief those issues on appeal. This Court can either find that Mr. Yan abandoned arguing about those elements, or this Court can look at the motion for preliminary injunction to conclude that Mr. Yan did not carry his burden in the district court. ROA.242-243. Either way, this Court should affirm the denial of the request for a preliminary injunction.

Judgment, including the Order denying Mr. Yan's request for a preliminary injunction.

## IV. Mr. Yan was not entitled to amend.

In this sixth issue, Mr. Yan complains that he should have been granted leave to amend his complaint. Blue Br. at 8, 13-15, & 41-46. For the reasons stated below, the district court properly dismissed the case instead of allowing Mr. Yan another opportunity to amend.

As is noted above, the magistrate judge permitted Mr. Yan to amend his complaint and expressly warned Mr. Yan that he was being afforded "a final opportunity to amend his complaint to plead his 'best case' prior to considering Defendants' motion to dismiss." ROA.64. At that time, the issue of Mr. Yan's standing was pending before the district court in a motion to dismiss. ROA.35-41.

Mr. Yan, thereafter, amended his complaint, naming the three investigators and expanding his causes of action. ROA.71-125. Investigators Taylor, Harwell, and Bennett then moved to dismiss and again raised the standing issue (applicable to individual and official capacity claims), as well as a qualified immunity defense (only as to the individual-capacity claims). ROA.168.

In response, Mr. Yan did not ask for leave to amend. ROA.182-188. Rather, Mr. Yan stood on his amended pleading, arguing that the motion to dismiss be denied. ROA.187. Thereafter, Mr. Yan never filed a standalone motion for leave to file an amended pleading, which the federal rules required given that Mr. Yan had already amended his complaint. *See* Fed. R. Civ. P. 15(a)(2). Mr. Yan only requested leave to amend in the concluding sentence of his objections to the FCR, and he did so in a perfunctory manner without detailing what would be in a proposed amendment or how such would resolve the issue of standing. ROA.69.

The district court did not err in dismissing Mr. Yan's claims without allowing him to amend his pleadings. For one thing, the magistrate judge—when faced with a motion raising the standing issue—gave Mr. Yan an opportunity to amend and specifically told Mr. Yan to plead his "best case." ROA.64. Mr. Yan's amended pleading failed to cure the standing issue—it could not have given *Linda R.S.* and its progeny—therefore, the district court did not abuse its discretion in denying Mr. Yan another chance to amend with another futile amendment. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his

case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

Moreover, the district court also justifiably dismissed the case instead of allowing a further amendment because Mr. Yan's perfunctory request "did not include the proposed second amended complaint, thereby violating the district court's local rules." *See Jenkins v. Tarrant Cnty. Sheriff's Office*, Nos. 22-10244 & 22-10718, 2023 WL 5665774, at *1 (5th Cir. Sept. 1, 2023) (op. on reh'g) (citing N.D. Tex. L. Civ. R. 15.1). His request was an improper "safety valve" request that district courts are within their discretion to deny.[7]

In short, because Mr. Yan did not demonstrate error in the district court's decision to dismiss his claims without allowing Mr. Yan another opportunity to amend his pleadings, this Court should overrule Mr. Yan's sixth issue and should affirm the district court's Final Judgment.

---

[7] *See, e.g., Knutson v. Harris*, 3:17-CV-2618-BK, 2018 WL 4281557, at *9 (N.D. Tex. Sept. 6, 2018); *see In re Capstead Mortg. Corp. Sec. Litig.*, 258 F. Supp. 2d 533, 567 (N.D. Tex. 2003) (noting that this "wait-and-see-what-happens" approach results in "the parties expending considerable time and effort briefing the motion to dismiss" and forces the court "to expend scarce judicial resources drafting an opinion when no effort has been made to inform the court how the deficiencies could be cured"); *see also England v. JPMorgan Chase Bank, N.A.*, 4:14-cv-183-Y, 2014 WL 12588508, at *2 (N.D. Tex. June 19, 2014) (denying plaintiff's "perfunctory" request for leave to amend that failed to identify possible amendments to his deficient claims or include a copy of a proposed amended pleading).

## PRAYER FOR RELIEF

For the foregoing reasons, Appellees Mark A. Taylor, Richard B. Harwell, and David F. Bennett respectfully request that this Court (1) overrule Appellant Conghua Yan's issues on appeal and (2) affirm the district court's dismissal of Conghua Yan's claims against Appellees Mark A. Taylor, Richard B. Harwell, and David F. Bennett (and this action) and the district court's Final Judgment.

Respectfully submitted,

*/s/Melvin Keith Ogle*
**MELVIN KEITH OGLE**
State Bar No. 24037207
Assistant Criminal District Attorney

**PHIL SORRELLS**
**CRIMINAL DISTRICT ATTORNEY**
**TARRANT COUNTY, TEXAS**

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor – Civil Division
Fort Worth, Texas 76196
817-884-1233 – Telephone
817-884-1675 – Facsimile
E-Mail: mkogle@tarrantcountytx.gov

**COUNSEL FOR DEFENDANTS - APPELLEES, MARK A. TAYLOR, RICHARD B. HARWELL, AND DAVID F. BENNETT**

## CERTIFICATE OF SERVICE

I certify that, on June 28, 2024, a true and correct copy of the above and foregoing document was served via regular U.S. mail upon the following party:

Conghua Yan
2140 E. Southlake Blvd., Ste. L-439
Southlake, TX 76092
arnold200@gmail.com

and

to all persons or parties who have appeared and Mr. Lyle W. Cayce, Clerk of the United Stated Court of Appeals for the Fifth Circuit, via the Court's CM/ECF Document Filing System.

*/s/ Melvin Keith Ogle*
MELVIN KEITH OGLE

# CERTIFICATE OF COMPLIANCE

### With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

The undersigned counsel certifies this brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 5,966 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f), as computed by the word-processing system used to prepare this brief.

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows, version 10 in 14-point Century Schoolbook typeface (other than footnotes, which are in 12-point Century Schoolbook typeface per 5TH CIR. R. 32.1).

*/s/ Melvin Keith Ogle*
MELVIN KEITH OGLE

Dated: June 28, 2024