# Case No. 24-10288

---

## *IN THE UNITED STATES COURT OF APPEALS*
## *FOR THE FIFTH CIRCUIT*

---

Conghua Yan,

*Plaintiff - Appellant*

v.

Mark A. Taylor, in his official capacity as Criminal District Office Investigator, Tarrant County, and in his private capacity; Richard B. Harwell, in his official capacity as Sergeant, Tarrant County, and in his private capacity; David F. Bennett, in his official capacity as Sheriff, Deputy, Tarrant County, and in his private capacity,

*Defendants - Appellees*

---

On Appeal from the United States District Court for the

Northern District of Texas, Fort Worth Division

Civil Action No. 4:23-CV-00288-P, The Hon. Mark T Pittman, Presiding

---

## REPLY BRIEF OF APPELLANT

---

Respectfully submitted:

Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
Pro Se Litigant

# Table of Contents

ISSUE PRESENTED..................................................................................................................4

SUMMARY OF THE ARGUMENT .........................................................................................5

ARGUMENT AND AUTHORITIES .........................................................................................8

I.    Appellees' Brief failed to recognize that Yan has Article III standing when he contests the policy treating him with "constitutional injuries".............................................................................8

    A.    The district judge correctly concluded that allegations were pleaded under constitutional injuries in the preliminary injunctive relief order, .............................................................8

    B.    The district judge correctly concluded allegations were pleaded under constitutional injuries in the final Order,...................................................................................................................8

    C.    The final Order failed to apply "injury-in-fact" under "*Constitutional Injuries*" exception.........9

    D.    Appellees' brief addressed the Article III standing using irrelevant precedents .........................10

II.    Defendants failed to bear their own burden of proof to qualified immunity ...................................13

    A.    Defendants' constitutional violations are obvious and indisputable. ...........................................13

    B.    Defendants failed the burden of establishing good faith.............................................................15

III.    Yan was under a biased unconstitutional interlocutory injunctive order banning him from filing future leave to amend, it was not justice. ...........................................................................................16

    A.    May/8/2023 order appeared biased against Pro Se ....................................................................16

    B.    Yan was not given notice and hearing, a procedural Due Process requirement..........................19

    C.    This injunction is a structural error and prejudiced Yan. ............................................................20

IV.    Stare decisis requires this Court to adhere to all precedents most favorable manner to pro se under the principle of liberal construction to do substantial justice........................................................21

    A.    *Erickson* mandates liberal construction standard apply to all pro se filings as to do substantial justice .................................................................................................................................21

    B.    All materials subsequently filed are required to be considered as amendments to original complaint in pro se's favor...........................................................................................................22

    C.    The FRCP does not require pro se "to plead the legal theory, facts, or elements underlying his claim............................................................................................................................................23

    D.    District Court failed to liberal construe pursuant to pro se precedents ......................................24

    E.    Pro Se's pleadings were disregarded in the final Order, Appellees' brief plays same tactic .......25

V.    Appellees presented mischaracterized issues in the response to 1st, 3rd, 4th, and 5th Issues ........27

    A.    Yan did not challenge "decision" in issues A, C, D, E................................................................27

    B.    There was no alleged "policy upon the decision" for Yan to challenge......................................27

VI.    Appellees misrepresented the Statement of the Case because most of the contents are irrelevant to the factual allegations ..............................................................................................................29

A.    Appellees mispresented irrelevant facts related to criminal complaint with fabricated details in Section A and B.................................................................................................................. 29

B.    Section C is Appellees' own biased story, departed from pleadings ........................................... 30

C.    Section D is Appellees' fabricated presentation, departed from pleadings ............................... 30

D.    Appellees' statement of case is dismissive of unfavorable facts.................................................. 30

E.    Appellees' statements of case are dramatic .................................................................................. 31

VII.    Defendants only addressed irreparable harm from a monetary injury aspect and disregarded the argument of irreparable First Amendment loss ................................................................................ 31

CONCLUSION.................................................................................................................................... 32

CERTIFICATE OF SERVICE ........................................................................................................... 33

CERTIFICATE OF COMPLIANCE.................................................................................................. 34

## Cases

*Bazan ex Rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ............................................... 15

*Burge v. Parish of St. Tammany*, 187 F.3d 452, 468 (5th Cir. 1999)............................................................ 10

*Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).................................................................................. 24

*Elrod v. Burns*, 427 U.S. 347, 373 (1976) ....................................................................................................... 31

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ................................................................................................... 22

*Ford v. British Petroleum*, CIVIL ACTION NO. 12-965, 10 n.62 (E.D. La. Mar. 17, 2014) ................... 22

*Goins v. City of Sansom Park*, Civil Action No. 4:14-cv-365-O, 3 (N.D. Tex. Jun. 29, 2015)................... 22

*Harris v. Clay Cnty., Miss.*, 47 F.4th 271, 279 (5th Cir. 2022) ........................................................... 13, 14

*Hope v. Pelzer* , 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002)............................................ 13

*Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)...................................................................................... 22

*Lefebure v. D'Aquilla*, 15 F.4th 650, 658 (5th Cir. 2021).............................................................................. 11

*Linda R. S. v. Richard D*, 410 U.S. 614 (1973).............................................................................................. 11

*McQueen v. City of Cincinnati*, Case No. 1:20-cv-00864, 2 (S.D. Ohio May. 12, 2021) .......................... 22

*Moran v. Simpson (In re Life Partners Holdings, Inc.)*, No. 21-11231, 5 n.11 (5th Cir. Jul. 6, 2022)....... 22

*Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ............................................................................. 24, 29

Qureshi v. U.S., 600 F.3d 523 (5th Cir. 2010)................................................................................................. 19

*Qureshi v. U.S.*, 600 F.3d 523, 525-26 (5th Cir. 2010)................................................................................... 19

*Qureshi v. U.S.*, 600 F.3d 523, 526 (5th Cir. 2010)........................................................................................ 19

*Ross v. Fed. Bureau of Investigation*, Civil Action 21-496-BAJ-RLB, 6 (M.D. La. Aug. 3, 2022)............ 12

*Ross v. Fed. Bureau of Investigation*, No. CV 21-496-BAJ-RLB, 2022 WL 3928528, at *4 (M.D. La. Aug. 3, 2022) .......................................................................................................................................................... 11

*Smart v. England*, 93 F.4th 1283, 1298 (11th Cir. 2024) .............................................................................. 13

*Taylor v. Riojas* , ─── U.S. ───, 141 S. Ct. 52, 208 L.Ed.2d 164 (2020) ................................................... 13

*Taylor v. Riojas*, 141 S. Ct. 52, 208 L. Ed. 2d 164 (2020) ........................................................................... 13

*United States v. Texas*, 599 U.S. 670 .............................................................................................................. 12

*Villarreal v. City of Laredo*, 17 F.4th 532, (5th Cir. 2021) ........................................................................... 14

*Weaver v. Massachusetts*, 137 S. Ct. 1899, 1908 (2017) ............................................................ 20

*Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983) ......................................................... 9

*Wright v. El Paso County Jail*, 642 F.2d 134, 135 n.1 (5th Cir. 1981) ...................................... 22

Statutes

Tex. Gov't Code § 74.041(2) ...................................................................................................... 28

# ISSUE PRESENTED

1. To determine Article III standing, **distinguishing** whether the complaint concerning relief for **one's own treatment** or for the **treatment of others** is a matter of law.

2. To determine qualified immunity, the issue of whether Defendants have established good faith **before shifting** the burden to Plaintiff is a matter of law.

3. The issue of whether the May 8, 2023 interlocutory **injunction** violated **due process** and constitutes a **structural error** warranting automatic reversal is a matter of law.

4. The issue of whether liberal principle should be construed to Pro Se's complaint is a matter of law.

5. The issue of whether the Appellees' Statement of the Case is truthful is a matter of fact.

# SUMMARY OF THE ARGUMENT

A.   Appellees' Brief cited irrelevant precedents (*Linda*, *Lefebure* etc.),
     disregarding the distinguishable premise: Yan has Article III standing to
     contest the policy treating him with "constitutional injuries."

The district court correctly concluded that Yan's factual allegations were

pleaded as constitutional injuries in the preliminary injunctive relief order and

the final Order. Appellees' brief addressed the Article III standing using

irrelevant citations (*Linda*, *Lefebure*, *Ross*, and *United States*), disregarding

the distinguishable premise, because their cases sought relief for the treatment

of a third party. Yan sought substantive constitutional justice for his own

treatment.

B.   Appellees' Brief failed to established the burden of proof on the matter of
     qualified immunity.

Defendants' constitutional violations are obvious and indisputable. Public

officials are not entitled to qualified immunity when they exercise power

irresponsibly, even when engaged in discretionary functions. The Fifth Circuit

has adopted the obviousness doctrine since the *Taylor* case decided by

SCOTUS in 2020 and subsequently ruled that public officials are not entitled

to qualified immunity for obvious violations of the Constitution in *Villarreal*.

Defendants failed to initially plead **good faith individually regarding their**

**isolated instances of misconduct**; therefore, they have not yet shifted the burden of proof to Yan.

C. Appellees' Brief referred to an interlocutory injunction barring future leave to amend. That injunction is biased, violated Procedural Due Process, and constitutes a structural error against pro se.

May/8/2023 interlocutory injunction is an injunction against future filings upon judge's sua sponte act. It was ruled without meeting the mandatary elements under Procedural Due Process and violated "shall", "freely", "justice" and "required" clause of FRCP 15(a). This preliminary injunction meets the definitions of "structural error" under SCOTUS precedents and it prejudiced Yan.

D. Stare decisis requires this Court to adhere to all precedents most favorable manner to pro se under the principle of liberal construction to do substantial justice. Appellees' Brief suggested the opposite.

*Erickson* mandates liberal construction standard. All materials subsequently filed are required to be considered as amendments to original complaint in the favor of pro se. The *FRCP* does not require pro se "to plead the legal theory, facts, or elements underlying his claim." The final Order failed to liberal construe, as well-pleaded factual allegations were disregarded.

E.    Appellees' Brief repeatedly recharacterized the complaint, framing the

       pleading in a way that departed from what Yan pleaded.

Appellees' brief presented mischaracterized issues. Appellees' brief

misrepresented the actual factual allegations. The State of the Case section

contains a great deal of irrelevant detail, fabricated details and dismissive of

unfavorable facts, departed from actual pleadings. The Statements of Case

section attached too much perceived dramatic words, it is not a neutral

description of allegations in an objective matter.

# ARGUMENT AND AUTHORITIES

I. <u>Appellees' Brief failed to recognize that Yan has Article III standing when he contests the policy treating him with "constitutional injuries"</u>

  A. The district judge correctly concluded that allegations were pleaded under constitutional injuries in the preliminary injunctive relief order,

> "Plaintiff's allegations articulate concerns regarding the **propriety and/or constitutionality** of the **above-referenced policy** as **adopted by government entities within Tarrant County**. See ECF No. 65 at 2"[1]

  B. The district judge correctly concluded allegations were pleaded under constitutional injuries in the final Order,

> "As recited in the First Amended Complaint, Yan sues Defendants "for a **facial constitutional challenge** to the '**requirement set forth by the Tarrant County District Attorney's Office**' at **issue**, pursuant to **violations** of **Article One, First, Fifth, Sixth, and Fourteenth Amendments** to the **U.S. Constitution**"[2]

> "The FCR accurately analyzed Yan's standing to assert **claims under the Constitution**"[3]

---

[1] ROA.24-10288.244
[2] ROA.24-10288.262
[3] ROA.24-10288.263

C. The final Order failed to apply "injury-in-fact" under *Constitutional Injuries* exception

Despite acknowledging that claims are under the constitutional injuries, the final Order failed to apply "Constitutional Injuries." The failure was so obvious that the word "constitution" was circumvented during the entire analysis.[4]

To be consistent with SCOTUS precedents, Yan's allegations shall be viewed with a lenient eye and shall be accepted as true, as the 2nd Circuit has noted,

> "Due to the pro se petitioner's general lack of expertise, courts **should** review […] petitions with **a lenient eye**, allowing **borderline** cases to proceed. […] These views are **wholly consistent** with **Supreme Court doctrine**, which confirms that pro se complaints **must** be liberally construed, *Haines v. Kerner, 404 U.S. 519*, 520-21, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972) (per curiam), and their allegations accepted as true, *Cooper v. Pate, 378 U.S. 546*, 546, 84 S.Ct. 1733, 1733, 12 L.Ed.2d 1030 (1964) (per curiam)."[5]

On the contrary, Yan's allegations were viewed with an "dismissive attitude," and his actual allegations under constitutional injuries were circumvented. The final Order **only** applied "injury-in-fact" analysis upon "**tangible injuries**" and circumvented "**constitutional injuries**". As a result, the district court erroneously construed the factual allegations **in the light most unfavorable** to Yan.

---

[4] ROA.24-10288.263-265
[5] *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983)

D. Appellees' brief addressed the Article III standing using irrelevant
   precedents

"In *Monell*, the Supreme Court held that a local government is liable under §
1983 for its **policies** that cause **constitutional torts**. […] These **policies** may be set
by the government's **lawmakers**, "or by those whose **edicts** or **acts** may fairly be
said to represent official policy." The Supreme Court in *McMillian* explained that:
a suit against a governmental officer "in his **official capacity**" is the same as a suit
"`against [the] **entity** of which [the] officer is an agent,'" […], and that victory in
such an "official-capacity" suit "imposes liability on the entity that [the officer]
represents,'""[6]

Tarrant County is the entity when Defendants deploying this county-wide
policy. Opposing counsel failed to address the official capacity issues on behalf of
the entity. The word "entity" or "Tarrant County" was never mentioned.

Defendants falsely stated that "Yan claiming that he was banned from filing a
criminal complaint. [..] **No such allegations** are **contained** in his amended
complaint.". On the contrary, Yan pleaded all of these dated allegations in ROA.24-
10288.228-229.

---

[6] *Burge v. Parish of St. Tammany*, 187 F.3d 452, 468 (5th Cir. 1999)

Disregarded the actual factual allegations—Defendants kept on applying irrelevant precedents, including but not limited to,

- *Linda R. S. v. Richard D*, 410 U.S. 614 (1973)
- *Lefebure v. D'Aquilla*, 15 F.4th 650 (5th Cir. 2021)
- *Ross v. Fed. Bureau of Investigation*, No. CV 21-496-BAJ-RLB, 2022 WL 3928528, at *4 (M.D. La. Aug. 3, 2022)

*Linda* does not apply because Linda sought injunctive relief to force the prosecution against her child's father, and Yan never sought injunctive relief to force the prosecution against criminal suspects.

The Fifth Circuit had a lengthy discussion in *Lefebure*, when *Linda* and other similar case from sister courts were brought up. *Lefebure* brought to the Fifth Circuit's attention a key premise: **distinguishing the complaints between relief concerning Plaintiff's own treatment or the treatment of others**.[7]

The premise of the suit in *Linda* and *Lefebure*'s is distinguishable from the premise of Yan's suit here: *Linda* and *Lefebure* sued because "the prosecutor adopted a discriminatory **policy of non-prosecution**—and that **policy** resulted in **criminal misconduct that** [third party] **directly injured** the plaintiff." Yan did not. Yan sued because "the entity adopted a discriminatory p**olicy of banning Plaintiff from freely filing a criminal complaint** (a petition right under the First Amendment)—and that policy resulted in **violations of the Article One, First,**

---

[7] *Lefebure v. D'Aquilla*, 15 F.4th 650, 658 (5th Cir. 2021)

**Fifth, Sixth, and Fourteenth Amendments**, [policy] directly causing **constitutional injury** to the **Plaintiff and everyone else county-wide**."

*Ross* shared the same premise as *Linda* and *Lefebure*. "Ross seeks relief with respect to the FBI's alleged failure to investigate his criminal complaints and bring charges against a **third party**." and "[t]he Supreme Court has consistently held "that a citizen lacks standing to contest the policies of [a] prosecuting authority when he himself is neither prosecuted nor threatened with prosecution.""[8]

The SCOTUS ruling in *United States v. Texas*[9] did not depart from the *Linda* premise; the **States** lack standing to compel **authority** to alter policy concerning certain immigrants (**third party**).

*Ross*, *Linda*, *Lefebure* or the 2023 *United States* case consistently hold a view that a party lacks Article III standing to contest the policies, actions, or inactions of authority to seek relief for **the treatment of a third party**.

However, Yan's brief cited precedents with a distinguishable consistent view that a party has standing to contest the policies, actions, or inactions of authority to seek relief concerning his **own treatment**. Every relief Yan seeks in this case is about substantive constitutional justice for his **own treatment**. The policy was

---

[8] *Ross v. Fed. Bureau of Investigation*, Civil Action 21-496-BAJ-RLB, 6 (M.D. La. Aug. 3, 2022)
[9] *United States v. Texas*, 599 U.S. 670

applied to him, and the bad faith misconducts were committed against him.

Defendants have not established any defense argument upon Yan's premise.

II.   Defendants failed to bear their own burden of proof to qualified immunity

A. Defendants' constitutional violations are obvious and indisputable.

In 2024, the 11th Circuit ruled, citing SCOTUS precedent,

> "[t]he law is **clear** that public officials **are not entitled** to qualified immunity "when they exercise power irresponsibly," **even when** engaged in a discretionary function. *Pearson v. Callahan*, 555 U.S. 223 […] (2009)"[10]

After the *Taylor v. Riojas*[11] case decided by SCOTUS in 2020, the Fifth

Circuit has adopted the **obviousness** doctrine in Qualified Immunity cases (99

citations within Fifth and 33 citations by Fifth alone).

> "The final question is whether this constitutional violation was clearly established. The district court answered "yes," concluding that the sheriffs' actions were an **"obvious" constitutional violation**. See *Hope v. Pelzer* , 536 U.S. 730 […] (2002); see also *Taylor v. Riojas* […] (2020) (**reversing grant of qualified immunity because the violation was obvious**). We **agree**."[12]

In 2021, the Fifth Circuit conducted an in-depth analysis in *Villarreal v. City*

*of Laredo,* for the matters of obvious constitutional violation,

> "If the **First Amendment means anything**, it surely means that a citizen […] has the right to [petition], without [being limited to only upon the request of presiding judge] […] If that is not an **obvious violation** of the Constitution, it's hard to imagine what would be. And

---

[10] *Smart v. England*, 93 F.4th 1283, 1298 (11th Cir. 2024)
[11] *Taylor v. Riojas*, 141 S. Ct. 52, 208 L. Ed. 2d 164 (2020)
[12] *Harris v. Clay Cnty., Miss.*, 47 F.4th 271, 279 (5th Cir. 2022)

as the Supreme Court has repeatedly held, **public officials** are **not** entitled to **qualified immunity for obvious violations of the Constitution**. [...]

"[O]fficials can still be on notice that their **conduct** violates established law even in novel factual circumstances." [...] " '[A] general constitutional rule already identified in the decisional law may apply with **obvious clarity** to the **specific conduct in question**, even though the very action in question has [**not**] previously been held unlawful.'"[...]

Similarly, in *Taylor v. Riojas* [...]

Perhaps the decision most analogous to this appeal is *Sause v. Bauer* [...] The Tenth Circuit granted qualified immunity, reasoning that any violation **was not clearly established** [...] The [SCOTUS] reversed the Tenth Circuit's grant of qualified immunity [...], holding that "[t]here can be no doubt that the First Amendment protects the right to [petition]," [...] *Sause* , 138 S. Ct. at 2562."[13]

There is no doubt, and it is obvious that Yan, a family court white-collar crime victim, "a class of one," has the "petition" right to file a criminal complaint to the government without the barrier—the requirement of "only requested upon the presiding judge". Yan was barred from freely and fully exercise his "petition" right, and this alleged policy violated the Article One, First, Fifth, Sixth, and Fourteenth Amendments. Defendants have slammed the door in Yan's face and committed other alleged bad faith dated acts.

---

[13] *Villarreal v. City of Laredo*, 17 F.4th 532, (5th Cir. 2021)

B.  Defendants failed the burden of establishing good faith.

"The defendant official **must** initially plead his **good faith** and **establish** that he was **acting within the scope of his discretionary authority**. **Once** the defendant has **done** so, the burden **shifts** to the plaintiff to rebut this defense"[14]

The complaint alleged three **separated** §1983 claims against three Defendants for **isolated** instances of misconducts. The Motion to Dismiss and Appellees' brief merely asserted a summarized argument with all three Defendants named **jointly**, without specifically pleading good faith under their individual misconducts within the scope of their individual discretionary authority.

Therefore, on issue G, Defendants failed to individually establish a ground sufficient to shift the burden of proof to Yan. Yan did not waive qualified immunity argument in his brief because there was no good faith argument raised by Defendants for Yan to rebut regarding their individual bad faith conducts. The final Order stopped analysis as well, there was no error to appeal. It was Defendants who waived their arguments **before shifting** the burden.

---

[14] *Bazan ex Rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001)

III.  <u>Yan was under a biased unconstitutional interlocutory injunctive order banning him from filing future leave to amend, it was not justice.</u>

### A. May/8/2023 order appeared biased against Pro Se

On Issue F, Yan argued that he requested "leave to amendment[amend]" in his objection to FCR[15], and the Final Order did not provide an adequate explanation to support its denial of leave.

The Appellees' brief explained that "magistrate judge permitted Mr. Yan to amend his complaint and **expressly warned** Mr. Yan that he was being afforded "**a final opportunity** to **amend his complaint** to plead his '**best case**' **prior to considering** Defendants' **motion to dismiss**."[16] It refers to an interlocutory injunction issued by the magistrate judge sua sponte on May/8/2023. This injunction stating that Yan was forbidden to file future leave to amend after filing the very next amended complaint following the May/8/2023 order.

Yan filed amended complaint on June/8/2023. On June/22/2023, Defendants filed their amended Motion to Dismiss.

---

[15] ROA.24-10288.259:¶31
[16] ROA.24-10288.64

This injunction itself is a showing appearance of bias how district court serves opposite of "afforded more latitude" to pro se. Restricted by the problematic injunction, Yan couldn't file any leave to amend since June/8/2023.

This injunction, determining that regardless of how Yan drafts his very next amendment—would be considered as his "best case"—without being seen. This speculative conclusion of "best case" used in the injunction was purely based on the imagination. It is imagination because, obviously, the average citizen knows nothing can be concluded as the "best" without seeing its contents. The phrase "a final opportunity" appeared in this injunction indicating that Yan was offered a "one-time only grace." Yan was a first-time pro se litigant who started his very first Federal petition on March/22/2023. Within less than 60 days of his journey, Yan did not fully know his Rule 15(a) right well enough at that time. Yan hadn't submitted any leave to amend since then, under the fear of this injunction's expression.

In Section VIII of his brief, Yan has cited numerous precedents to establish the principle of granting leave to amend. The Fifth Circuit rules that "Fed.R.Civ.P. 15(a) **evinces a bias in favor** of granting leave to amend." Yan experienced the opposite. Rule 15(a) is clear, "*leave shall be freely given when justice so requires*." However, when Yan walked into the district court, it appeared that future leave to

amend was barred. Without reading the premise presented in his very next amendment, no reasonable person could determine what substantial justice would be required. However, the magistrate judge had already prematurely decided that he would rule on an "expected" Motion to Dismiss regardless of how justice required by Yan's very next amendment. That injunction violated "shall", "freely", "justice" and "required" clause of FRCP 15(a).

Filing various motions **freely** and **equally** is one principle of the FULL litigation rights. When Yan was ordered by the magistrate judge sua sponte that he could not file future leave to amend, Yan had lost one of his litigation rights in the court. Since that date, Yan was deprived of FULL litigation rights under the fear of this interlocutory injunction, and he had been litigating in the district court with INCOMPLETE litigation rights.

It is Yan's belief that the average citizen would reasonably question a magistrate judge's impartiality when it appears that a pro se litigant facing a senior attorney from the Tarrant County DA's office, but with less than 60 days since his litigation started, the magistrate judge prematurely ruled that the pro se litigant could only had INCOMPLETE litigation rights going forward. This concern is especially relevant after learning that the magistrate judge was a former DA attorney from the Tarrant County DA's office.

B.  Yan was not given notice and hearing, a procedural Due Process requirement

May/8/2023 order is an injunction against future filings. The Fifth Circuit has

explained that,

> "a court's authority to impose an injunction *against future filings* "flows not only from various statutes and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket." [...] This power further permits the district court to act sua sponte." [17]

The Fifth Circuit further explained that,

> "our precedent governing the imposition of **pre-filing injunctions** on vexatious litigants states unequivocally that "[n]otice and a hearing are *required* if the district court **sua sponte imposes a *pre-filing injunction***." [...] ("[Appellant] was given notice and an opportunity to be heard regarding the imposition of the **pre-filing injunction**, which satisfies the requirements of *due process* in this case."). [...] Those *prerequisites* are *mandatory* and *constitutionally* derived; failure to provide notice and conduct a hearing is an abuse of discretion."[18]

The Fifth Circuit decided that,

> "If "a **preliminary injunction** granted *without adequate notice* and a *fair opportunity* to oppose it should be *vacated* and *remanded* to the district court," [...], then our treatment of a permanent injunction entered without notice and hearing cannot be any more deferential. *Regardless of the merits of the injunction* — as to which we express no opinion — we ***must*** therefore **vacate** the *pre-filing injunction*."[19]

The record is very clear that, in the very beginning stage of litigation, with

zero indication of wrongdoing, the magistrate judge entered this sua sponte

---

[17] *Qureshi v. U.S., 600 F.3d 523*, 525-26 (5th Cir. 2010)
[18] *Qureshi v. U.S.*, 600 F.3d 523, 526 (5th Cir. 2010)
[19] *Qureshi v. U.S.*, 600 F.3d 523, 526 (5th Cir. 2010)

sanction *without* giving any prior notice to Yan and without offering him a hearing. This imposed injunction did not meet the *mandatory* and *constitutional* requirements of procedural *due process* guaranteed by the Fourteen Amendment, pursuant to Fifth Circuit precedents.

Failure to provide notice and conduct a hearing is an abuse of discretion, therefore this Court must vacate the pre-filing injunction.

## C. This injunction is a structural error and prejudiced Yan.

The SCOTUS has explained that,

> "First, an error has been deemed structural in some instances if the right at issue is not designed to protect the [litigant] but instead protects some other interest.
>
> …
>
> Second, an error has been deemed structural if the effects of the error are simply too hard to measure.
>
> …
>
> Third, an error has been deemed structural if the error always results in fundamental unfairness.
>
> …
>
> These categories are not rigid. In a particular case, more than one of these rationales may be part of the explanation for why an error is deemed to be structural. […] For these purposes, however, one point is critical: An error can count as structural even if the error does not lead to fundamental unfairness in every case." [20]

---

[20] *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1908 (2017)

This interlocutory injunction, barring Yan from filing future leave to amend since June/8/2023, has protected the Defendants' litigation interests instead of Yan's. Defendants exercised their litigation rights by freely filing their Motion to Dismiss on June/20/2023, without needing to be concerned about Yan exercising a full counter-litigation act. Yan has had incomplete litigation rights since June/8/2023. The effect of this error (incomplete litigation rights since June/8/2023) is hard to measure and results in fundamental unfairness.

Yan asserted that this injunction constituted a constitutional violation by depriving a pro se litigant of full litigation rights, and that it is a **structural error**. This injunction prejudiced Yan, it is void and a nullity on its face.

Yan was not given FULL opportunities to best his case. He was not even allowed to file future filings of leave to amend in the past 12 months. Therefore, Yan is entitled to amendment, not a dismissal with prejudice.

IV. <u>Stare decisis requires this Court to adhere to all precedents most favorable manner to pro se under the principle of liberal construction to do substantial justice</u>

   A. *Erickson* mandates liberal construction standard apply to all pro se filings as to do substantial justice

   The SCOTUS ruled that all filings of pro se should be liberal construed in *Erickson* (cited 62,572 times),

"*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); see also Fed. Rule Civ. P. 8(f) ("**All pleadings shall be** so construed as to do **substantial justice**.")"[21]

"A plaintiff's pleadings must be liberally construed, and **ambiguity must be viewed in the pro se plaintiff's favor**. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)"[22]

"*Rutila v. Dep't of Transp*., 12 F.4th 509, 511 (5th Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'**A document** filed pro se is to be liberally construed."')); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). "[23]

"*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that the **objections** of a petitioner appearing pro se will be construed liberally)." [24]

## B. All materials subsequently filed are required to be considered as amendments to original complaint in pro se's favor

The Fifth Circuit held that in *Wright*,

"Due to the liberal consideration accorded **pro se** pleadings, […] we consider this "**Motion**" **an amendment to** […] **original complaint**."[25]

The Fifth Circuit also held that in *Howard*,

"The district court **should have** considered the […] complaint under the less stringent standards applicable to **pro se** litigants. […] First, the court was **required** to "**take as true** the allegations of the complaint" in considering the Rule 12(b)(6) motion. […] **Most importantly**, however, the court was **required** to **look beyond** the […] formal complaint and to **consider as amendments** to the complaint those **materials subsequently filed**. *McGruder v. Phelps*,608 F.2d 1023, 1025 (5th Cir. 1979). […] to consider the […] motion, memorandum in support, and affidavit, as amendments to the complaint. These documents **embellished** the original complaint's averments, and **each should have been considered**."[26]

---

[21] *Ford v. British Petroleum*, CIVIL ACTION NO. 12-965, 10 n.62 (E.D. La. Mar. 17, 2014)
[22] *Goins v. City of Sansom Park*, Civil Action No. 4:14-cv-365-O, 3 (N.D. Tex. Jun. 29, 2015)
[23] *Moran v. Simpson (In re Life Partners Holdings, Inc.)*, No. 21-11231, 5 n.11 (5th Cir. Jul. 6, 2022)
[24] *McQueen v. City of Cincinnati*, Case No. 1:20-cv-00864, 2 (S.D. Ohio May. 12, 2021)
[25] *Wright v. El Paso County Jail*, 642 F.2d 134, 135 n.1 (5th Cir. 1981)
[26] *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)

The Fifth Circuit further ruled that in *Howard*,

"Considering **the full pleadings** in light of both general eighth amendment jurisprudence and the above-cited analogues, the [pro se] have pleaded a cause of action cognizable under the eighth and fourteenth amendments and 42 U.S.C. § 1983."[27]

When applying the same principle, liberal construed under the less stringent standards, this Court should consider the full pleadings, including but not limited to:

- First Amended Complaint[28]
- Plaintiff's Response to Defendants' Motion to Dismiss and Brief in Support[29]
- Motion to Expedite and Brief in Support[30]
- Motion for a Preliminary Injunction[31]
- Memorandum in Support of Motion for a Preliminary Injunction[32]

C. The FRCP does not require pro se "to plead the legal theory, facts, or elements underlying his claim

On a separate ground, the 2nd Circuit has noted that, under the FRCP, a pro se is not required "to plead the legal theory, facts, or elements underlying his claim."

"**In any case**, the Rules **do not require** a plaintiff to plead the legal theory, facts, or elements underlying his claim. […] This is **especially true** in the case of **pro se** litigants, who cannot be expected to know all of the legal theories on which they might ultimately recover. It is **enough** that they allege that they were **injured**, and that their allegations can conceivably give rise to a viable claim, […] see also Fed.R.Civ.P. Forms 4-11 (giving examples of complaints that do not provide explicit legal theories for recovery). [petitioner]' allegations **give rise** to at least a viable […] claim.

---

[27] *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)
[28] ROA.24-10288.71-125
[29] ROA.24-10288.182-189
[30] ROA.24-10288.202-214
[31] ROA.24-10288.216-218
[32] ROA.24-10288.221-243

We leave it for the **district court** to **determine** what other claims, if any, [Yan] has raised. In so doing, the court's **imagination** should be **limited only by** [petitioner] ' **factual allegations**, **not by** the **legal claims set out** in his pleadings. […] (For example, [petitioner]' complaint could be read to allege a so-called "class of one" […] violation. […] Although [petitioner]' allegations were **not neatly parsed** and **included a great deal of irrelevant detail**, that is **not unusual** from **a pro se litigant**. […] As long as his mistakes do not prejudice his opponent, a plaintiff is **entitled to trial** on even a **tenuous legal theory**, supported by the **thinnest of evidence**."[33]

The Third Circuit agreed that in a similar ruling,

"We also note that because [petitioner] has filed his complaint **pro se**, we **must** liberally construe his pleadings, and **we will apply the applicable law**, **irrespective of whether the pro se litigant has mentioned it by name**."[34]

## D. District Court failed to liberal construe pursuant to pro se precedents

In ECF No. 54, Yan referred an analogue to clarify pleadings,

"Suppose a black woman walks into a bank to apply for a mortgage. […] **She did not sue over the [decision] of application; instead, she filed a lawsuit against the policy itself.**[35]

…

For the **first** to **eighth** claims, and the **twelfth** one, the plaintiff **challenges the policy of Tarrant County under the official capacity of three individuals**, seeking relief based on a **facial constitutional challenge**. For the **ninth** to **eleventh** claims, the plaintiff files charges **against** three **individuals** for **knowingly** disregarding laws and procedures during the investigatory process, under their private capacity. **None of the twelve claims are related to the outcome of the plaintiff's personal criminal complaint**."[36]

---

[33] *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005)
[34] *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003)
[35] ROA.24-10288.184:¶7
[36] ROA.24-10288.184:¶8

Therefore, in light of both general Amendment jurisprudence and referring the above-cited analogues, this Court should rule that, Yan well pleaded a cause of action cognizable under the Amendments and *42 U.S.C. § 1983*.

E. <u>Pro Se's pleadings were disregarded in the final Order, Appellees' brief plays same tactic</u>

In Appellees' brief, opposing counsel consistently stated "*Regardless of how Mr. Yan has sought to frame his claims*." Opposing counsel did same tactic in the Motion to Dismiss by stating, "*claims, regardless of how they are couched*"[37] and "*Regardless of how Plaintiff may seek to frame his claim*."[38] The magistrate, in his FCR, took the same approach by twice stating, "*regardless of Plaintiff's characterization of his claims*."[39] The district judge subsequently accepted this FCR in the final Order.

It does not demonstrate any appearance of impartiality if an order disregarded *Plaintiff's characterization of his claims*. In this case, under abuse of discretion, Yan's claims were characterized against his will.

Here are the principal defects of the final Order: if this Order stated that it disregarded the characterization of claims from a pro se litigant, then which

---

[37] ROA.24-10288.169
[38] ROA.24-10288.196
[39] ROA.24-10288.251,258

characterization of claims did it accept as true in the light most favorable to the pro se litigant? Did the Order view ambiguity in the pro se plaintiff's favor under the doctrine of stare decisis, pursuant to *Erickson*, or did it disregard it as well?

Appellees' brief recasts the same mischaracterization in its core arguments, deceptively framing the pleadings.

Due to Yan's inexperience, he did include a great deal of irrelevant detail in his pleading, but this Court should **note** that Yan **never included** the criminal complaint report. If Yan indeed "sought injunctive relief […] to force each entity to open and accept his case," as Appellees' brief misrepresented, or if Yan intended to do so, he **would have attached** the criminal complaint report to prove how wrongful the decision was, but he never did. This is **strong evidence** that Yan had no intention to seek relief against criminal suspects (third party).

Liberal construction of pro se pleadings is not merely lip service. However, in Yan's case, the district court only mentioned this "Liberal Construction" principle but never actually properly applied it. To the extent that the Order decided something departed from Yan pleaded, it erred.

## V.   Appellees presented mischaracterized issues in the response to 1st, 3rd, 4th, and 5th Issues

### A.  Yan did not challenge "decision" in issues A, C, D, E

Appellees mischaracterized Yan's issue A, C, D, E, presented as,
> "Yan lacked standing to challenge both (1) the decision of […] (2) the underlying "policy" upon […] decision […]"

The word "decision" never appeared in issues A, C, D, or E of the Appellant's Brief, nor in the first through eighth claims and the twelfth claim in the pleadings.

"Decision" and "Policy" are two distinct legal subject matters. Yan cannot rebut how he should have a standing to challenge the "decision" because he has not pleaded such a claim. Appellees' point one "the decision of" and its subsequent arguments should be dismissed as a whole.

### B.  There was no alleged "policy upon the decision" for Yan to challenge

Appellees also tried mischaracterize that Yan challenges "policy upon the decision", which is untruthful.

The phrases "policy upon the decision" and "decision upon the policy" suggest different relationships between policy and decision: The phrase "policy upon decision" implies that a policy was created or established based on a particular decision. It indicates that the decision came first and the policy was

formed as a result of that decision; The phrase "decision upon the policy" suggests that a decision was made based on an existing policy. It indicates that the policy was already in place, and the decision was made in accordance with or in response to that policy.

In summary, "policy upon the decision" indicates a policy derived from a decision; "decision upon the policy" indicates a decision derived from a policy.

The letter from Sheriff Office clearly indicated that there was "decision upon the policy".

> "On December […] After my investigating, I was not able to meet the requirements set forth by TDCA's office. I spoke to TDCA's office regarding your issue and they advised they would only accept or open an investigation into your claim of perjury only at the request of the presiding judge, since that did not occur, your case has been closed."[40]

Yan challenged a policy, which is "the requirements set forth by the TDCA's office." The sheriff admitted that he cannot meet the prerequisites of the policy, which is "only at the request of the *presiding judge*[41]." The sheriff further said, "that [request of the presiding judge] did not occur," case closed. The short form of this policy is, no request, no case. The plain language of "not able to meet" and "did not occur" means that "only at the request of the presiding judge" is the one and only prerequisite before a criminal investigation can start.

---

[40] ROA.24-10288.123.
[41] Tex. Gov't Code § 74.041(2), "presiding judge" means the presiding judge of an administrative region.

Due to mischaracterization, Appellees' point two, "policy" upon […]

decision", and its subsequent arguments should be dismissed as a whole. After all,

it is Yan's factual allegations that should be construed as true, not the Appellees'

mischaracterizations.

VI.    <u>Appellees misrepresented the Statement of the Case because most of the</u>

<u>contents are irrelevant to the factual allegations</u>

A. Appellees mispresented irrelevant facts related to criminal complaint with
fabricated details in Section A and B

"Although […] allegations […] included a great deal of irrelevant detail, that

is not unusual from a pro se litigant"[42], this Court should not be distracted.

Appellees' brief blended in fabricated details in Section A, tried misleading.

- Yan never alleged **three** "suspects", he only mentioned "**suspect 1**" and
**"suspect 2**."
- Yan did not allege "garnishment that **two other persons** signed and
submitted", this narrative never appeared in complaint.

Yan's acts referred in Section B are irrelevant, because this suit is all about the

claims against **policy** and the claims against **Defendants' acts**.

---

[42] *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005)

## B. Section C is Appellees' own biased story, departed from pleadings

12(B) motion stage is not Appellees' turn to frame the facts. Appellees tried to use the magic words "in short" to distort Yan's factual allegations. Federal rule does not allow to construe Appellees' statements as true; section C should be dismissed as a whole.

## C. Section D is Appellees' fabricated presentation, departed from pleadings

Appellees falsely stated that Yan sought injunctive relief to "force each entity to open and accept his case." Upon double checking pleadings[43] thoroughly, Yan cannot find anywhere he sought this injunctive relief. Appellees' statement of the case appears disingenuous and untruthful. Section D should be dismissed as a whole.

## D. Appellees' statement of case is dismissive of unfavorable facts

Appellees tried to assert qualified immunity but chose to dismiss unfavorable bad faith acts, including, but not limited to, enjoining Yan from filing future criminal complaints with authority by stating "we don't have any further business with you at this office"[44] on Jan 16 of 2023, placing Yan on a "no service"[45] list on

---

[43] ROA.24-10288.18-20
[44] ROA.24-10288.228
[45] ROA.24-10288.229

Feb 21 of 2023, tipping off suspects, and leaking Yan's confidential information in 2023.

It is appeared that Appellees' brief of allegations is significantly different from Yan's pleadings, this brief does not worth too much credibility.

### E. Appellees' statements of case are dramatic

The job of the brief is to tell plain facts, not to attach too much perceived drama. When Appellees' brief contained words like "unfounded" and "supposed," it becomes dramatic. This Court should not take their statements seriously.

VII. <u>Defendants only addressed irreparable harm from a monetary injury aspect and disregarded the argument of irreparable First Amendment loss</u>

On issue B, Defendants only argued that alleged money damages can be compensated, but circumvented the argument concerning why "the loss of First Amendment freedoms, for even minimal periods of time," does not constitute irreparable injury, as recognized under *Elrod*.[46]

---

[46] *Elrod v. Burns*, 427 U.S. 347, 373 (1976)

# CONCLUSION

Please consider this reply to include a supplemental request for relief asking void and vacate the above-referred interlocutory injunction. Upon request or sua sponte, this Court has the inherent power to uphold the integrity of the legal framework.

Yan prays this Court to do substantive constitutional justice in his case.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]
[214-228-1886] [arnold200@gmail.com]

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document has been served in a manner in compliance with Rule 25(b) and (c) of the Fed. R. App. P., on July 17, 2024, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]

[214-228-1886] [arnold200@gmail.com]

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Brief complies with the type-volume limitation of

Fed. R. App. P. 32(a)(7)(B) because:

- this brief contains 5,951 words and 596 lines, excluding the parts of
the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type requirements of Fed. R. App. P. 32(a)(6) because:

- this brief has been prepared in a proportionally spaced typeface using
Microsoft Office 2016 Word with a 14-point font named Times New Roman.

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]
[214-228-1886] [arnold200@gmail.com]
July 17, 2024