

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Conghua Yan,

*Plaintiff - Appellant*

v.

Mark A. Taylor, in his official capacity as Criminal District Office Investigator, Tarrant County, and in his private capacity; Richard B. Harwell, in his official capacity as Sergeant, Tarrant County, and in his private capacity; David F. Bennett, in his official capacity as Sheriff, Deputy, Tarrant County, and in his private capacity,

*Defendants - Appellees*

On Appeal from the United States District Court for the

Northern District of Texas, Fort Worth Division

Civil Action No. 4:23-CV-00288-P, The Hon. Mark T Pittman, Presiding

# APPELLANT'S PETITION FOR PANEL REHEARING

Respectfully submitted:

Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
Pro Se Litigant

# CERTIFICATE OF INTERESTED PERSONS

Appellant certifies that the following listed persons and entities as described in the fourth sentence of *Rule 28.2.1* have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1) **Plaintiff-Appellant:** Conghua Yan

2) **Defendants-Appellees:** Mark H. Taylor; Richard B. Harwell; David F. Bennett

3) **Counsel for Defendants-Appellees:** David Keith Hudson

4) **Other Defendant in Underlying Case:** Tarrant County

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

# STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant Conghua Yan (aka "Yan") respectfully requests that his petition be expedited. Therefore, Yan waives the right to an oral argument. The issues presented are mainly matters of law, of constitutional magnitude, with no dispute of facts.

# Table of Contents

CERTIFICATE OF INTERESTED PERSONS ................................................................. 2

STATEMENT REGARDING ORAL ARGUMENT ........................................................ 3

JURISDICTIONAL STATEMENT ................................................................................. 6

ISSUE PRESENTED ....................................................................................................... 6

STATEMENT OF THE CASE ......................................................................................... 8

    A.   Procedural History ............................................................................................... 8

    B.   Fact Relevant to the Issue Presented .................................................................. 8

SUMMARY OF THE ARGUMENT .............................................................................. 10

REASONS FOR REHEARING .................................................................................... 12

    A.   The Panel erred by framing the allegations in the most unfavorable light and disregarding Yan's well-pleaded argument. ........................................................................... 12

    B.   The Panel failed to follow the Supreme Court principle of reviewing a pro se complaint to identify any viable legal theory. ......................................................................... 16

CONCLUSION ............................................................................................................. 19

CERTIFICATE OF SERVICE ...................................................................................... 21

CERTIFICATE OF COMPLIANCE ............................................................................. 22

Attachment: Opinion in *Yan v. Taylor* October 25, 2024 ......................................... 22

## Cases

*Abdullah v. Paxton*, 65 F.4th 204 (5th Cir. 2023) ...................................................... 19

*Autor v. Blank*, 892 F. Supp. 2d 264 (D.D.C. 2012) .................................................. 18

*Book People, Inc. v. Wong*, No. 23-50668 (5th Cir. Jan. 17, 2024) ........................... 19

*Bowers v. Hardwick*, 478 U.S. 186 (1986) ................................................................ 16

*Cooper v. Pate*, 378 U.S. 546 (1964) ........................................................................ 15

*Cooper v. U.S. Dominion, Inc.*, No. 22-1361 (10th Cir. Dec. 13, 2023) .................... 19

*Erickson v. Pardus*, 551 U.S. 89 (2007) ................................................................... 15

*Ford v. British Petroleum*, CIVIL ACTION NO. 12-965 (E.D. La. Mar. 17, 2014) ... 15

*Goins v. City of Sansom Park*, Civil Action No. 4:14-cv-365-O (N.D. Tex. Jun. 29, 2015) ...... 15

*Greenlaw v. United States*, 554 U.S. 237 (2008) ...................................................... 13

*Haines v. Kerner*, 404 U.S. 519 (1972) ..................................................................... 15

*In re Reece*, 341 S.W.3d 360 (Tex. 2011) ................................................................... 9

*Lefebure v. D'Aquilla*, 15 F.4th 650 (5th Cir. 2021) ................................................. 17

*Linda R.S. v. Richard D.*, 410 U.S. 614 (1973) ................................................................. 17

*Marbury v. Madison*, 5 U.S. 137 (1803) .......................................................................... 14

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) .................................................................... 19

*Thomas v. Collins*, 323 U.S. 516 (1945) .......................................................................... 18

*Whiting v. Trew*, No. 22-5448 (6th Cir. Aug. 21, 2023) .................................................... 19

*Williams v. Kullman, 722 F.2d 1048 (2d Cir. 1983)* .......................................................... 15

TO THE HONORABLE COURT OF APPEALS:

COMES NOW the Plaintiff-Appellant Conghua Yan (hereinafter "Yan") respectfully requests that this Court vacate the judgment of the United States District Court and remand this cause for re-sentencing. In support of this request, Yan submits the following.

## JURISDICTIONAL STATEMENT

This is an appeal from a final judgment of the United States District Court for the Northern District of Texas (ROA.262-265). A notice of appeal was timely filed on April 2, 2024 (ROA.267). This Court has jurisdiction over the appeal pursuant to 28 U.S.C. §1291.

A panel of this Court rendered a decision on October 25, 2024, this Court has continuing jurisdiction to receive a request for rehearing until November 8, 2024.

## ISSUE PRESENTED

The subject of this suit is a countywide policy (ROA.123) that prohibits Plaintiff-Appellant or any individual from filing a criminal complaint of perjury unless requested by a presiding judge (ROA.78). Tarrant County, with a population exceeding 2 million, has fewer than a dozen presiding judges. The prohibition

reached a point where one of the Defendants told the Plaintiff-Appellant that the local law enforcement "don't have <u>any further business</u> with you at this office." (ROA.79). Under this policy, the Tarrant County law enforcement only has future perjury criminal complaint business with a dozen presiding judges at their office, but not with the 2 million public.

This policy restrains the First Amendment right to petition. Plaintiff-Appellant sought declaratory, injunctive, and monetary relief.

1.      Whether the Plaintiff-Appellant has suffered an injury to a constitutional interest sufficient to justify suing over a county policy that restrains his present and future ability to freely exercise his First Amendment right to petition law enforcement for redress of grievances.

2.      Whether a restraint on First Amendment interests constitutes a cognizable, concrete, and intangible injury-in-fact sufficient to establish Article III standing.

3.      Whether this panel's opinion failed to distinguish between the Plaintiff-Appellant's complaint seeking relief for his own treatment and that seeking relief for the treatment of others.

## STATEMENT OF THE CASE

A.      Procedural History

On June 8, 2023, Mr. Yan filed his latest/First amended complaint. The Defendants filed a Motion to Dismiss. On March 19, 2024, the district judge issued the final order and judgment, and granted the Motion to Dismiss under 12(b)(1) for lack of standing due to no "injury in fact."

A notice of appeal was timely filed on April 2, 2024.

Yan filed appellant brief on June 5 (Dkt 14). Appellee filed theirs (Dkt 16). Yan replied (Dkt 17).

A panel's opinion and judgement entered on October 25, 2024.

B.      Fact Relevant to the Issue Presented

Mr. Yan brought a facial constitutional challenge to the policy set by the Tarrant County Criminal District Attorney's ("TCDA") office, citing violations of Article One, and the First, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution, as well as 42 U.S.C. § 1983 and 18 U.S.C. § 3771. The policy states that the TCDA's office will "*only* accept or open an investigation into [a victim's] claim of perjury at the request of the *presiding judge*." The Plaintiff brought claims one through eight and twelve against executive branches.

Mr. Yan also brings an as-applied constitutional challenge to the Defendants' actions, citing violations of the Fourteenth Amendment, 42 U.S.C. § 1983, and 18 U.S.C. § 3771. The Plaintiff brought claims nine through eleven against the Defendants.

In 2022, Mr. Yan attempted to file a criminal complaint alleging that Southlake attorney Leslie Starr Barrows committed perjury in court. He received a letter (ROA.123) from the Sheriff's Office stating that the TCDA's office has a policy of not investigating perjury cases in family court unless requested by the presiding judge. Law enforcement informed Mr. Yan that, under this policy, the only recourse for perjury was to file a civil petition and seek the judge's permission, despite the well-known legal principle that there is no civil remedy for a criminal offense, as perjury under Texas law only has a criminal remedy.

Mr. Yan contacted the Sheriff's Office to file a new criminal complaint for perjury, but law enforcement refused. During another encounter, one Defendant shouted at Mr. Yan, stating their office had no involvement with him. This effectively blocked Yan's ability to file a petition seeking redress for perjury. However, the Supreme Court of Texas has stated that the government should bring alleged perjurers before a jury, not a judge, contrary to this alleged TCDA policy. See Opening Brief, p. 23 (citing *In re Reece*, 341 S.W.3d 360 (Tex. 2011)). Mr. Yan

wanted to file criminal complaint of perjury without any restraining, it left Mr. Yan no choice but to file a federal suit challenging this policy.

## SUMMARY OF THE ARGUMENT

The Panel erred by framing Yan's allegations unfavorably and disregarding his well-pleaded argument. Yan sued Tarrant County for a policy restricting his First Amendment right to petition by requiring judicial approval for filing a criminal complaint, which he argued was unconstitutional. Yan emphasized that he did not challenge the act of prosecution but the policy itself. He expressly stated he did not sue for failure to investigate or prosecute, making the Court's recharacterization of his claim incorrect.

The Court's findings contradicted the principle of party presentation, which requires courts to address only issues presented by the parties. The district court correctly acknowledged Yan's constitutional injury claims, confirming the focus on the policy's constitutionality. Mischaracterizing pro se litigants' claims undermines fairness and denies them justice. Courts are required by precedent, such as *Erickson v. Pardus*, to liberally construe pro se pleadings to ensure substantial justice.

Yan cited *Lefebure*'s distinct premise, which differentiates between complaints seeking relief for one's own treatment versus that of others. The Panel

failed to apply this distinction to Yan's claims. Additionally, *Spokeo v. Robins* established those intangible injuries, such as violations of First Amendment rights, qualify as concrete injury-in-fact. The Panel ignored this, failing to recognize Yan's First Amendment petition injury, impacting the adequacy of the review.

# REASONS FOR REHEARING

A.  The Panel erred by framing the allegations in the most unfavorable light and disregarding Yan's well-pleaded argument.

1.  Yan sued Tarrant County government entities for <u>enforcing a policy</u> that <u>restricted his First Amendment right to petition</u>. He claimed he intended to file a criminal complaint but was prevented by the policy's requirement that a judge's request was needed to exercise this right. Yan believed that everyone in this country should have the unrestricted right to file a criminal complaint without requiring permission from any branch of government, including the judiciary. This <u>policy</u> is unconstitutional, Yan challenged the <u>policy</u> in this suit. Yan did not intent to challenge the <u>act/intact</u> led by the <u>policy</u>.

2.  The Plaintiff-Appellant expressly stated in his brief that he did <u>not</u> sue the Defendants for failing to investigate or prosecute criminal complaint. He did <u>not</u> plead that he has standing to bring claims for public interest, and his claim should <u>not</u> be recharacterized or framed as departing from his true allegations. Plaintiff-Appellant's opening brief wrote at pp. 4-5 that:

V.    What the judgement findings and conclusions is not what was pleaded

    A.    Plaintiff did not sue for "Defendants for failing to investigate and prosecute injuries he"

    B.    Summarized de facto claims

    C.    Plaintiff did not plead that he has a standing for "public interest"

    D.    Plaintiff objects the recharacterization of "claims arising out of the decisions to stop investigating and/or not prosecute his allegations of criminality", but the Order ignored his arguments

    E.    The Order has departed from the principle of party presentation

3.     The Panel's finding erred by putting words into Yan's mouth and ruled accordingly. The Panel wrote at pp. 1-2 that:

> "Conghua Yan filed a pro se civil complaint <u>alleging</u> that he filed a criminal complaint with the Tarrant County Sheriff's Department the Tarrant County District Attorney <u>did not prosecute the complaint</u>….
> Yan argues that private citizens have the right to <u>bring failure-to-investigate and failure-to-prosecute claims</u> based on various legal theories….
> Yan also argues …that he <u>has standing to bring a claim in the public interest</u>" (emphasis added),

<u>None</u> of these allegations or arguments <u>appeared</u> in Yan's complaint or appellant's opening brief.

4.     The Panel's finding is <u>contradictory</u> to the district court's finding and the Plaintiff-Appellant's factual allegations. This finding erred by departing from the principle of party presentation set forth by the SCOTUS,

> "In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we <u>rely on the parties to frame</u> the issues for decision and assign to courts the role of <u>neutral arbiter</u> of matters the parties present."
> *Greenlaw v. United States*, 554 U.S. 237, 243 (2008).

5.     The district judge correctly concluded that allegations were pleaded under constitutional injuries in the preliminary injunctive relief order and the final Order:

> "Plaintiff's <u>allegations</u> articulate concerns regarding the <u>propriety</u> and/or <u>constitutionality</u> of the above-referenced <u>policy</u> as <u>adopted</u> by <u>government entities</u> <u>within Tarrant County</u>. See ECF No. 65 at 2" (emphasis added), (ROA.244). "As recited in the First Amended Complaint, Yan sues Defendants "for a facial constitutional challenge

to the 'requirement set forth by the Tarrant County District Attorney's Office' at issue, pursuant to violations of Article One, First, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution" (ROA.262). "The FCR accurately analyzed Yan's standing to assert claims under the Constitution" (ROA.263).

6.  Reframing a pro se Plaintiff-Appellant's allegation to favor the government Defendant's dismissal undermines judicial fairness, denying self-represented litigants the opportunity for justice and leaving no remedy. This creates a government of men, not laws. "The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection. … "it is a general and indisputable rule, that where there is a legal right, there is also a legal remedy by suit, or action at law, when ever that right is invaded." … The government of the United States has been emphatically termed a government of laws, and not of men." *Marbury v. Madison*, 5 U.S. 137 (1803).

7.     SCOTUS's controlling precedent *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) emphasized that, "All pleadings shall be so construed as to do substantial justice." *Ford v. British Petroleum*, CIVIL ACTION NO. 12-965, 10 n.62 (E.D. La. Mar. 17, 2014). "A plaintiff's pleadings must be liberally construed, and ambiguity must be viewed in the pro se plaintiff's favor." *Goins v. City of Sansom Park*, Civil Action No. 4:14-cv-365-O, 3 (N.D. Tex. Jun. 29, 2015).

8.     Yan's opening brief should be reviewed "with a lenient eye, allowing borderline cases to proceed. […] These views are wholly consistent with Supreme Court doctrine, which confirms that pro se complaints must be liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972), and their allegations accepted as true, *Cooper v. Pate*, 378 U.S. 546 (1964)" *Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983).* This lenient attitude is not mere "lip service," nor should it diminish when a pro se litigant is facing a government entity in a civil case.

9.     This Court's opinion erred by applying a single legal theory based on the premise that,

- Yan "to bring failure-to-investigate and failure-to-prosecute claims;"
- Yan "to sue the defendants for failing to prosecute alleged crimes;"
- Yan as a private citizen has "judicially cognizable interest in prosecution or non-prosecution of individuals;"
- Yan "complaint that the officials of Tarrant County failed to pursue a criminal Prosecution." (p. 2)

10.  This premise is not what Yan alleged, this Court has ignored Yan's argument at Reply Brief, p. 26,

> "but this Court should <u>note</u> that Yan <u>never included</u> the criminal complaint report. If Yan indeed "sought injunctive relief […] to force each entity to open and accept his case," as Appellees' brief misrepresented, or if Yan intended to do so, he <u>would have attached</u> the criminal complaint report to prove how wrongful the decision was, but he never did. This is <u>strong evidence</u> that Yan <u>had no intention</u> to seek relief against criminal suspects (third party)." (emphasis added)

B. The Panel failed to follow the Supreme Court principle of reviewing a pro se complaint to identify <u>any</u> viable legal theory.

11.  "It is a well-settled principle of law that "a complaint <u>should not</u> be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is <u>under a duty</u> to examine the complaint to determine if the allegations provide for relief on <u>any possible theory</u>."" (emphasis added) *Bowers v. Hardwick*, 478 U.S. 186, 201 (1986).

12.    The Panel's opinion shows a dismissive attitude toward Yan's well-pleaded arguments by stating "[N]otwithstanding these arguments" and applying the irrelevant legal theory from *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973), and *Lefebure v. D'Aquilla*, 15 F.4th 650 (5th Cir. 2021) based on reframed allegations.

13.    Yan claimed that he was banned from filing a criminal complaint. (ROA.228-229). Yan argued that *Lefebure* has set forth a distinct premise: distinguishing the complaints between relief concerning Plaintiff's "own treatment or the treatment of others." *Lefebure* at 658. See also Yan's reply relief, p. 11. The panel's opinion failed to apply the distinguishable legal theories for the review.

14.    *Linda* and *Lefebure* sued because the prosecutor adopted a discriminatory policy of non-prosecution—and that policy resulted in criminal misconduct that third party directly injured the plaintiff. Yan did not. Yan sued because the entity adopted a discriminatory policy of banning Plaintiff from freely filing a criminal complaint (a petition right under the First Amendment)—and that policy resulted in violations of the Article One, First, Fifth, Sixth, and Fourteenth Amendments, policy directly causing constitutional injury to the Plaintiff and everyone else county-wide.

15.    This Court failed to address whether Yan is entitled to relief regarding complaints seeking constitutional injury remedy for his own treatment under this alleged unconstitutional policy.

16.     Yan's opening and reply briefs cited precedents consistently affirming that a party has standing to challenge policies, actions, or inactions to seek relief for their own treatment. All relief sought by Yan pertains to constitutional justice for his treatment, as the policy was applied to him, and misconduct was committed against him. The panel's opinion ignored Yan's arguments and failed to address them, meaning the threshold for Rule 12 dismissal has not been met.

17.     Additionally, the Panel's opinion failed to determine whether "the First Amendment right to petition" is "concrete and particularized" "injury-in-fact", argued in Appellant's opening brief, pp. 15-22.

18.     The petition for redress of grievances is cognate right in the First Article's assurance. See *Thomas v. Collins*, 323 U.S. 516, 530 (1945). "The Supreme Court has long recognized that *injury in fact exists* when a plaintiff alleges that the government has directly impacted the exercise of his First Amendment rights" *Autor v. Blank*, 892 F. Supp. 2d 264, 271 (D.D.C. 2012).

19.      *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), a post-*Lujan* Supreme Court controlling precedent, clearly stated that *intangible injuries* can nevertheless be cognizable *concrete*. See also *Cooper v. U.S. Dominion, Inc.*, No. 22-1361 (10th Cir. Dec. 13, 2023) (quoting "For standing purposes, an injury is '"an invasion of a legally protected interest'"); *Whiting v. Trew*, No. 22-5448, 5 (6th Cir. Aug. 21, 2023) (quoting "exercise of his First Amendment rights qualifies as an injury even in the absence of monetary harm").

20.      This Court applied the *Spokeo* legal theory in high-profile cases such as *Book People, Inc. v. Wong*, No. 23-50668 (5th Cir. Jan. 17, 2024), and *Abdullah v. Paxton*, 65 F.4th 204, 208 (5th Cir. 2023), but disregarded it when a pro se litigant cited *Spokeo* in his opening brief. The Panel's opinion ignored Yan's plea regarding the restraint on his First Amendment petition right, narrowly reframing it instead as an aim to sue for failure to prosecute.

## CONCLUSION

Wherefore the Plaintiff-Appellant, Conghua Yan, prays that this Court grant rehearing in this cause and, upon reconsideration, vacate the judgment and remand this cause for a new sentencing hearing to do substantive constitutional justice.

Respectfully submitted,

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]

[214-228-1886] [arnold200@gmail.com]

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document has been served in a manner in compliance with Rule 25(b) and (c) of the Fed. R. App. P., on November 3, 2024, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]

[214-228-1886] [arnold200@gmail.com]

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Brief complies with the type-volume limitation of

Fed. R. App. P. 32(a)(7)(B) because:

- this brief contains 2,603 words and 247 lines, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type requirements of Fed. R. App. P. 32(a)(6) because:

- this brief has been prepared in a proportionally spaced typeface using Microsoft Office 2016 Word with a 14-point font named Times New Roman.

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]
[214-228-1886] [arnold200@gmail.com]
November 3, 2024

Attachment: Opinion in *Yan v. Taylor* October 25, 2024

# Appendix A

# United States Court of Appeals for the Fifth Circuit

---

No. 24-10288
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2024

Lyle W. Cayce
Clerk

CONGHUA YAN,

*Plaintiff—Appellant,*

*versus*

MARK A. TAYLOR, *in his official capacity as Criminal District Office Investigator, Tarrant County, and in his private capacity*; RICHARD B. HARWELL, *in his official capacity as Sergeant, Tarrant County, and in his private capacity*; DAVID F. BENNETT, *in his official capacity as Sheriff, Deputy, Tarrant County, and in his private capacity*,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-288

---

Before KING, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

    Conghua Yan filled a pro se civil complaint alleging that he filed a criminal complaint with the Tarrant County Sheriff's Department and that

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10288

the Tarrant County District Attorney did not prosecute the complaint. The defendants moved to dismiss Yan's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Yan lacked standing to bring the complaint. The district court granted the motion to dismiss, and it dismissed the complaint for lack of jurisdiction under Rule 12(b)(1). We conduct a de novo review of dismissals under Rule 12(b)(1). *Smith v. Hood*, 900 F.3d 180, 184 (5th Cir. 2018).

Yan argues that private citizens have the right to bring failure-to-investigate and failure-to-prosecute claims based on various legal theories. Notwithstanding these arguments, the established precedent from the Supreme Court is clear that private citizens lack a judicially cognizable interest in prosecution or non-prosecution of individuals. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Lefebure v. D'Aquilla*, 15 F.4th 650, 654-55 (5th Cir. 2021). Yan also argues that the district court characterized his assertion incorrectly and that he has standing to bring a claim in the public interest, but he fails to show that he has suffered a specific injury that is "concrete and particularized" rather than speculative. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Yan has not shown that the district court erred in concluding that he lacked standing to sue the defendants for failing to prosecute alleged crimes.

Finally, Yan argues that he should have been allowed to amend his complaint. A district court's denial of leave to amend or supplement is reviewed for an abuse of discretion, and, where amendment would be futile, no abuse of discretion can be shown. *Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021). Yan has failed to suggest how any amendment to his complaint that the officials of Tarrant County failed to pursue a criminal prosecution would not be futile.

AFFIRMED.

# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-10288
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2024

Lyle W. Cayce
Clerk

Conghua Yan,

                                                    *Plaintiff—Appellant,*

*versus*

Mark A. Taylor, *in his official capacity as Criminal District Office Investigator, Tarrant County, and in his private capacity*; Richard B. Harwell, *in his official capacity as Sergeant, Tarrant County, and in his private capacity*; David F. Bennett, *in his official capacity as Sheriff, Deputy, Tarrant County, and in his private capacity*,

                                                    *Defendants—Appellees.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-288

---

Before King, Southwick, and Engelhardt, *Circuit Judges*.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.